116 N.J. Super. 330 (1971)
282 A.2d 406
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
COPELAN EARL ELLIS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 6, 1971.
Decided October 14, 1971.
*332 Before Judges KILKENNY, LABRECQUE and LANE.
Mr. Edward P. Hannigan, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, Attorney; Mr. Hannigan, of counsel and on the brief).
Mr. Edwin H. Stern, First Assistant Prosecutor, argued the cause for respondent (Mr. Geoffrey Gaulkin, Prosecutor of Hudson County, Attorney; Mr. Stern, on the brief).
The opinion of the court was delivered by LANE, J.A.D.
Defendant appeals from the denial of his fourth petition for post-conviction relief. On November 29, 1967 he was convicted on his plea of guilty of assault with intent to rob. (N.J.S.A. 2A:90-2) and of being armed with a revolver while committing the assault (N.J.S.A. 2A:151-5). He was sentenced to two consecutive indeterminate terms at Bordentown Reformatory. When the authorities at Bordentown found that he had served a sentence in the South Carolina State Prison, they transferred him to the State Prison at Rahway. He was thereafter resentenced to a term of not less than five years nor more than seven years at the New Jersey State Prison for the violation of N.J.S.A. 2A:90-2, and to a consecutive *333 term of not less than two years nor more than three years for the violation of N.J.S.A. 2A:151-5.
His present petition seeks relief on the ground that N.J.S.A. 2A:151-5 as applied to him is unconstitutional in that it "punished him twice for one offense."
The trial court considered the petition without referring it to the Public Defender and in a letter-opinion dated January 21, 1970 discussed the grounds for relief alleged and denied the petition, concluding that the grounds were "manifestly frivolous." On February 24, 1970 defendant filed pro se a notice of appeal from such denial. On March 11, 1970 the trial court entered an order which granted leave to defendant to appeal as an indigent and which "further ordered that the Office of the Public Defender is hereby assigned to represent the defendant on said appeal."
Defendant argues that the imposition of a second sentence for a violation of N.J.S.A. 2A:151-5 punished him twice for one offense. He further argues that it was an abuse of discretion for the trial court to impose the second sentence for the violation of N.J.S.A. 2A:151-5 when the maximum sentence had not been imposed for violation of N.J.S.A. 2A:90-2.
The contentions are frivolous. Consecutive sentences for assault with intent to rob and for doing so while armed do not constitute offensive multiple punishment for the same violation. State v. Hodgson, 44 N.J. 151, 165 (1965), cert. den. 384 U.S. 1021 (1966). Such sentences are proper. State v. Hodgson, 44 N.J. 151, 164, supra; State v. Flowers, 109 N.J. Super. 309, 312 (App. Div. 1970); State v. Bennett, 75 N.J. Super. 207, 212 (App. Div. 1962); State v. Buffa, 65 N.J. Super. 421, 427 (App. Div. 1961). The imposition of the second sentence when the first was not a maximum was not an abuse of discretion. See State v. Hodgson, 44 N.J. 151, supra; State v. Bennett, 75 N.J. Super. 207, supra; State v. Buffa, 65 N.J. Super. 421, supra, in which the first sentence imposed was less than the maximum.
*334 It is further argued before us that the trial judge erred in assigning the Office of the Public Defender to represent the defendant on this appeal.
R. 2:7-2(a) deals with the assignment of counsel on appeal to persons convicted of indictable offenses. The last sentence of that rule states:
He shall thereupon be referred to the Office of the Public Defender, which shall represent him on such appeal or review and on such subsequent post-conviction proceedings or appeal therein as would warrant the assignment of counsel.
R. 3:22-6 deals with the assignment of counsel in postconviction relief proceedings. R. 3:22-6(a) states that the first petition for post-conviction relief filed by a defendant shall be referred to the Office of the Public Defender if the defendant's conviction was for an indictable offense, unless defendant affirmatively asserts his intention to proceed pro se. This provision is mandatory. R. 3:22-6(b) deals with the assignment of counsel on subsequent petitions for post-conviction relief. In the 1969 and 1971 editions of the Rules Governing the Courts of the State of New Jersey that rule as printed is:
Upon any second or subsequent petition filed pursuant to this Rule attacking the same conviction, the matter shall be referred to the Office of the Public Defender. Counsel shall be assigned only upon application therefor and showing of good cause.
In the 1968 edition of the Rules the rule appeared as R.R. 3:10A-6(b):
Upon any second or subsequent petition filed pursuant to this Rule attacking the same conviction, the matter shall be referred to the Office of the Public Defender or counsel shall be assigned only upon application therefor and showing of good cause.
There is no indication there was any intent to change this rule. We must conclude that the changed wording of the rule appearing in the 1969 and 1971 editions was either *335 inadvertent or a misprint. As presently written the rule is inconsistent and not susceptible of logical construction.
When a second or subsequent petition is filed under R. 3:22, it must be examined by the court. If upon examination the court feels that the petition conceivably raises an issue with any merit, the court has then found good cause to refer the petition to the Public Defender. After such reference the Public Defender will proceed in accordance with the rule. If the petition is not referred to the Public Defender, then the court will dispose of the petition, setting forth the issues raised by the petition and the reasons why the defendant is entitled to relief or why those issues are without merit. See State v. Odom, 113 N.J. Super. 186, 188-189 (App. Div.), certif. den. 58 N.J. 331 (1971).
There was no finding by the trial court of good cause to refer this petition to the Office of the Public Defender. The trial court having found that the grounds of the petition were "manifestly frivolous," there could be no finding of good cause for reference to the Office of the Public Defender or assignment of counsel. The order assigning the matter to the Office of the Public Defender to represent defendant on this appeal was error. Defendant, however, was not prejudiced.
As we have pointed out, assignment of counsel on appeals under R. 2:7-2(a) in post-conviction matters is directly related to the assignment of counsel under R. 3:22-6. Where the petition has been referred to the Public Defender, he continues as counsel for any appeal. Where an appeal is taken from the denial of a second or subsequent post-conviction relief petition and the trial court did not find good cause to refer the petition to the Public Defender, the Public Defender or counsel should only be assigned where there is a finding on the record of "good cause." Such finding can be made even though initially the trial court did not refer the petition to the Public Defender. The Public Defender is struggling at the present time to provide "legal representation of any indigent defendant who is *336 formally charged with the commission of an indictable offense." N.J.S.A. 2A:158A-5. He should not be burdened with the representation of defendants on appeals from denials of a second or subsequent petition for post-conviction relief unless good cause has been shown for such representation.
It has been suggested that the change of wording of R. 3:22-6(b) was deliberately made to accomplish the following. A second or subsequent petition for post-conviction relief would in all cases be referred to the Office of the Public Defender. It would then be his obligation to investigate the facts and thereafter at a hearing before the court to attempt to show there was good cause for the appointment of the Office of the Public Defender to represent the defendant on the petition. Such a procedure would obviously cause a tremendous increase in the workload not only of the Public Defender but also of the courts. We feel that this construction of the rule is strained. We believe that if the Supreme Court had intended such a radical change resulting in such additional burden on the Public Defender and the courts, it would have specifically spelled out such intention.
The denial of the defendant's fourth petition for post-conviction relief is affirmed.