754 A.2d 605 (2000)
333 N.J. Super. 85
STATE of New Jersey, Plaintiff-Respondent,
v.
James E. McILHENNY, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted July 5, 2000.
Decided July 14, 2000.
Ivelisse Torres, Public Defender, for defendant-appellant (Matthew Astore, Deputy Public Defender II, of counsel and on the brief).
John J. Farmer, Jr., Attorney General, for plaintiff-respondent (Teresa A. Blair, Deputy Attorney General, of counsel and on the brief).
Before Judges STERN and KIMMELMAN.
The opinion of the court was delivered by STERN, P.J.A.D.
Defendant appeals from the denial of his petition for post-conviction relief (P.C.R.), received by the Public Defender (P.D.) on July 24, 1997, and filed on his behalf by the P.D. on August 6, 1997. The order dismissing the petition as time barred under R. 3:22-12 was dated September 22, 1997.
Although there is no order or letter of assignment in the record before us, the parties agree that counsel was assigned by the court to represent defendant with respect to the matter, even though this was defendant's second or third P.C.R. petition. As there is no dispute that counsel was assigned to represent defendant, see R. 3:22-6(b), defendant was entitled to have counsel review the petition and make arguments in support of his claim that the untimely filing "was due to defendant's excusable neglect," R. 3:22-12, and that his contentions were not procedurally barred by virtue of the prior proceedings. See R. 3:22-3, -4, -5.
While neither our caselaw nor rules require the assignment of counsel for second or subsequent P.C.R. petitions, there *606 can be no question that a defendant is entitled to effective and competent assistance of counsel when the court finds "good cause" to make the assignment. See R. 3:22-6(b); see also R. 3:22-9; State v. Ellis, 116 N.J.Super. 330, 334-36, 282 A.2d 406 (App.Div.1971) (construing R. 3:22-6(b) and suggesting the need for revision resulting in the amendment effective September 5, 1972); cf. State v. Clark, 260 N.J.Super. 559, 617 A.2d 286 (App.Div. 1992).[1] We note that the State has not appealed nor cross-appealed from the assignment of counsel, and that the record does not reflect any endeavor by the State to seek reconsideration of the assignment.
We agree with the State that defendant may have a difficult burden in pressing his claims both procedurally and substantively in light of his 1987 guilty plea, the subsequent proceedings and the passage of time. See, e.g., Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); State v. DiFrisco, 137 N.J. 434, 456-57, 645 A.2d 734 (1994), certif. denied, 516 U.S. 1129, 116 S.Ct. 949, 133 L.Ed.2d 873 (1996); State v. Mitchell, 126 N.J. 565, 576-79, 583-87, 601 A.2d 198 (1992). Nevertheless, where the trial court has found "good cause" and assigned counsel, pursuant to R. 3:22-6(b), the defendant is entitled to have counsel endeavor to sustain the burden.
The order denying post-conviction relief is reversed, and the matter is remanded to the Law Division for further proceedings consistent with this opinion.
NOTES
[1] This is so notwithstanding that there is no federal constitutional right to counsel "in state collateral proceedings after exhaustion of direct appellate review." Coleman v. Thompson, 501 U.S. 722, 756, 111 S.Ct. 2546, 115 L.Ed.2d 640, 673 (1991).