**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3942-18T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SHAWN MYRON CUSTIS,
a/k/a SHAWN CUSTIC,
SHAWN CUSTIE, and
SHAWN HUSTIS,

    Defendant-Appellant.

_____

Submitted November 16, 2020 – Decided December 18, 2020

Before Judges Currier and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 92-03-0169.

Joseph E. Krakora, Public Defender, attorney (Karen A. Lodeserto, Designated Counsel, on the brief).

Scott A. Coffina, Burlington County Prosecutor, attorney for respondent (Nicole Handy, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from the February 13, 2019 Law Division order denying his petition for post-conviction relief (PCR) following an evidentiary hearing. We affirm.

In 1992, defendant entered a negotiated guilty plea to second-degree robbery, N.J.S.A. 2C:15-1(a)(1), and third-degree escape, N.J.S.A. 2C:29-5. He was sentenced in 1993 to an aggregate ten-year term of imprisonment, with a three-year period of parole ineligibility.[1] Defendant did not appeal his conviction or sentence. Thereafter, in 2016, defendant's 1993 robbery conviction was used to enhance a sentence imposed on a subsequent first-degree robbery conviction. As a result, in 2017, defendant filed an untimely PCR petition seeking to vacate the 1993 conviction, alleging that the attorney who represented him during the plea was ineffective. Specifically, defendant asserted that "[e]ven though [he] really didn't do the crime[,]" his plea counsel, Deputy Public Defender Ann Manning, had pressured him by representing that

---

[1] At the time of sentencing, six charges were dismissed in accordance with the plea agreement, consisting of first-degree robbery, N.J.S.A. 2C:15-1(a)(1); second-degree burglary, N.J.S.A. 2C:18-2(a)(1); two counts of second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); third-degree terroristic threats, N.J.S.A. 2C:12-3(b); and third-degree theft, N.J.S.A. 2C:20-3(a).

2

he would receive a time served sentence and probation if he pled guilty or face a life sentence if he did not.

Following the assignment of PCR counsel and the submission of multiple supporting briefs and certifications, the PCR judge found excusable neglect for the late filing to justify relaxing the five-year time bar contained in Rule 3:22-12(a)(1).[2] The judge also conducted an evidentiary hearing[3] on January 14, 2019, during which John Poindexter, III, testified for the State and defendant

---

[2] Rule 3:22-12(a)(1) imposes a five-year deadline for first petitions, which is subject to extension "due to [a] defendant's excusable neglect[,]" where "there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice[.]" To support his claim of excusable neglect, defendant certified that during the 1992 plea hearing, "the judge [had] told [him] that by taking the plea, [he] was . . . waiving[ his] right to appeal" and he did not learn until 1998 that "[he] could, in fact, appeal." Defendant explained that when he attempted to file a petition for PCR in 1998, he was informed by "the Burlington County Superior Court Clerk" that "no record of [his 1993] conviction could be located." However, when the 1993 conviction was used "to enhance" a subsequent sentence, "[he] realized" that the record existed.

[3] The State argues in its merits brief that the judge erred in finding excusable neglect to relax the time bar and erred in conducting an evidentiary hearing. However, the State has not cross-appealed. "[I]n order to attack the actions below which were adverse to [a party], [the party] must pursue a cross-appeal." Franklin Disc. Co. v. Ford, 27 N.J. 473, 491 (1958) (citing Liberty Title & Trust Co. v. Plews, 6 N.J. 28, 45 (1950) and R. 1:2-6). When a brief addresses issues not raised on cross-appeal, "review is . . . confined to the sole issue raised on [appellant's] appeal[.]" Mondelli v. State Farm Mut. Auto. Ins. Co., 102 N.J. 167, 170 (1986).

A-3942-18T3

testified on his own behalf. Poindexter testified he was a licensed attorney since 1977 and began handling cases as a pool attorney for the Office of the Public Defender (OPD) in 1989, after leaving his position as a staff attorney with the OPD. Poindexter explained that "a case would be pooled out" because of "some type of conflict that the public defender would have in the case." Regarding defendant's case, Poindexter authenticated his handwriting and signature on the plea form executed in connection with defendant's 1992 plea and confirmed that his signature was indicative of the fact that he had represented defendant during the plea proceedings as well as the fact that defendant had signed the plea form.[4] Poindexter acknowledged that while he did not remember "the details surrounding [the] case" given the passage of time, he did remember representing defendant and confirmed that he would never sign a plea form for a defendant he did not represent.

During his testimony, defendant admitted that Poindexter had appeared on the day of his plea and had filled out the plea form, which he (defendant) had signed. However, defendant claimed that Poindexter was only "filling in" for Manning, who "took over everything" because defendant "wasn't answering the

---

[4] The executed plea form was admitted into evidence at the hearing. Given the age of the case, transcripts and other records were unavailable.

questions right for [the judge] to accept the plea." According to defendant, after the plea colloquy was disrupted, he was taken "in the back" where Manning explained to him that "unless [he] . . . [said] that [he] did what they want[ed him] to plead guilty to" he would not "be going home on the day of sentence." Defendant stated that when they returned to the courtroom and the plea colloquy resumed, "Manning was just asking questions and all [he] had to say was yes or no." Defendant testified that when he was sentenced to "ten with three[,]" instead of probation with time served as Manning had promised, he caused "a scene" and was removed from the courtroom. Manning, whom defendant testified had also represented him at sentencing, told him she did not "know what happened," but she was "going to take care [o]f it." However, he "never really heard from her since."

Defendant explained the inconsistency between his testimony and his certifications, stating that in his PCR petition, he had identified Manning as the only attorney who had represented him because she was the only attorney who had promised that he would be sentenced to "time served" and he "did [not] get what was promised." On cross-examination, defendant acknowledged that question twelve of the plea form indicated that the State recommended a "[s]entence not to exceed ten years." However, defendant testified that question

twelve was blank when he signed the form and entered the plea. Further, according to defendant, although he had "a couple [prior] convictions" at the time, he did not think it was "suspicious" that Manning had promised he would not go to prison on a second-degree conviction because "unlike today, you wasn't [sic] getting time like that."

Following the hearing, the judge denied PCR. In a written decision, the judge reviewed the factual background and procedural history of the case, made factual findings from the testimony elicited at the evidentiary hearing, applied the applicable legal principles, and concluded defendant failed to establish a prima facie case of ineffective assistance of counsel. Specifically, the judge found defendant failed to show by a preponderance of the credible evidence that counsel's performance fell below the objective standard of reasonableness set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 49-53 (1987), or that defendant was prejudiced as required under the second prong of the Strickland/Fritz test.

In evaluating the credibility of the witnesses, the judge described Poindexter's testimony as "highly credible." In contrast, the judge described defendant's testimony as "at times, rambling, evasive, and not fully responsive to specific questions posed to him." The judge continued:

A-3942-18T3

The court finds that [defendant's] general demeanor and lack of responsiveness to questions posed at the hearing negatively impacted the credibility of his testimony. [Defendant's] varying assertions of the events at the plea hearing are not credible when contrasted with the credible testimony of Mr. Poindexter on the same issues. [Defendant's] testimony that an experienced attorney, Anne Manning, who removed the case from the [OPD] due to an apparent legal conflict would, at any time, "fill in" for a conflict pool attorney, is lacking any reasonable basis or merit. Having heard the arguments proposed by [defendant], the court finds many of the details surrounding [defendant's] description of his representation not credible. [Defendant's] multiple certifications and in court testimony are inconsistent. The plea forms associated with the case were obviously signed and filled out by the pool attorney, John Poindexter III, assigned through the [OPD] . . . . Neither Mr. Poindexter nor any representation by him [was] referenced in any filings by [defendant] prior to his testimony at the evidentiary hearing. In consideration of [defendant's] general lack of credibility and the associated testimony in the case, the court reasonably cannot find any credible error, unprofessional conduct, or deficiency by counsel during the representation of [defendant].

   . . . .

Insofar as the court has no credible basis to support the first prong under Strickland, there can be no finding that [defendant] was unduly prejudiced and did not receive the appropriate benefits conferred to him by counsel.

The judge entered a memorializing order and this appeal followed.

A-3942-18T3

On appeal, defendant raises the following single point for our consideration:

> PCR COUNSEL WAS INEFFECTIVE IN FAILING TO REVIEW COURT DOCUMENTS AND DETERMINE THE LAWYER WHO REPRESENTED [DEFENDANT] DURING HIS PLEA HEARING.

"[T]here can be no question that a defendant is entitled to effective and competent assistance of counsel" when counsel is appointed for a PCR petitioner. State v. McIlhenny, 333 N.J. Super. 85, 87 (App. Div. 2000). In addition to the constitutional right to counsel, "Rule 3:22-6(d) imposes an independent standard of professional conduct upon an attorney representing a defendant in a PCR proceeding." State v. Hicks, 411 N.J. Super. 370, 376 (App. Div. 2010). The Rule provides:

> Counsel should advance all of the legitimate arguments requested by the defendant that the record will support. If defendant insists upon the assertion of any grounds for relief that counsel deems to be without merit, counsel shall list such claims in the petition or amended petition or incorporate them by reference. Pro se briefs can also be submitted.
>
> [R. 3:22-6(d).]

In State v. Webster, 187 N.J. 254, 257 (2006), our Supreme Court held that PCR counsel must "investigate the claims urged by the client," and "should advance all of the legitimate arguments that the record will support." See also

State v. Rue, 175 N.J. 1, 18 (2002) (recognizing "the critical nature of faithful and robust representation of a defendant at a PCR proceeding"). If a defendant shows that his PCR attorney's representation was deficient under the standards imposed by the Rule, the Strickland test is irrelevant. Rue, 175 N.J. at 4; Hicks, 411 N.J. Super. at 376. "The remedy for counsel's failure to meet the requirements imposed by Rule 3:22-6(d) is a new PCR proceeding." Hicks, 411 N.J. Super. at 376.

Here, unlike Hicks, where it was apparent that PCR counsel had failed to meet his obligations, we cannot conclude on the record before us that PCR counsel failed to discharge the responsibilities specified under Rule 3:22-6(d), and that a remand for a new hearing is required. Defendant argues "[t]he PCR court found [his] testimony incredible because he was making allegations against the wrong lawyer" but if PCR counsel had "carefully reviewed the documents involved in [defendant's] matter," counsel "would have learned plea counsel was not Ms. Manning, but rather Mr. Poindexter." However, given defendant's insistence that Manning was the only attorney who promised him a time served sentence, it is unclear whether the purported lack of proof before the trial court was the result of PCR counsel's failure to engage in a reasonable

investigation and effort, or the failure of defendant to provide any facts upon which to base an investigation.

Furthermore, just as we have disfavored ineffective-assistance-of-trial-counsel claims on direct appeal, we are loathe to entertain an ineffective-assistance-of-PCR-counsel claim on appeal from the denial of a first PCR petition. Ineffective-assistance-of-trial-counsel claims are generally inappropriate for consideration on direct appeal because they "involve allegations and evidence that lie outside the trial record." State v. Preciose, 129 N.J. 451, 460 (1992). Likewise, here, defendant's claim that his PCR counsel was ineffective relies on evidence outside the PCR record presented to and considered by the PCR judge. Therefore, we shall not reach defendant's ineffective assistance claim.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3942-18T3