**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5659-18

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MIKE NEWMAN, a/k/a
MICHAEL NEWMAN,

    Defendant-Appellant.

_____

        Submitted September 13, 2021 – Decided September 21, 2021

        Before Judges Rothstadt and Natali.

        On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Indictment No. 09-02-0140.

        Mike Newman, appellant pro se.

        Jennifer Webb-McRae, Cumberland County Prosecutor, attorney for respondent (Danielle R. Pennino, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from an order denying his second petition for post-conviction relief (PCR). We affirm.

I.

In 2010, defendant was convicted of first-degree attempted murder, first degree-robbery, second-degree aggravated assault, and various weapons-related offenses. After merger, the court sentenced defendant to an aggregate forty-year mandatory term as a persistent offender.

The heavy sentence was the consequence of defendant's extensive criminal record and the violent nature of the crimes he committed when he assaulted and shot the victim in the leg. Defendant was implicated in the shooting by his father, cousin, and the victim's former girlfriend, who told police that weeks before the shooting, she observed defendant on his bicycle with bullets attached to his vest and in possession of what she believed to be a shotgun. When she confronted defendant, he told her "[n]obody's going to hurt me again." The victim also identified defendant by name, and later affirmed his identification after an investigating officer showed him defendant's photograph.

We affirmed defendant's convictions and sentence on direct appeal, see State v. Newman, No. A-2947-10 (App. Div. Oct. 10, 2012), and the Supreme Court denied defendant's petition for certification. State v. Newman, 213 N.J.

2

535 (2013). Defendant filed a timely pro se petition for PCR in which his court-appointed counsel alleged that defendant's trial counsel was constitutionally ineffective under Strickland v. Washington[1] because his attorney failed to confer with him adequately prior to trial and ignored his advice to challenge a juror during jury selection.

In a supplemental pro se submission, defendant additionally claimed his counsel erred in failing to: hire an expert witness to investigate the crime scene and evaluate the victim's injuries; elicit testimony from the victim about his "inconsistent" descriptions; argue that he could not be convicted of robbery because the victim said he did not take anything from him; request a cross-racial identification; and move to suppress all of the victim's statements because the detective who questioned him did not retain his handwritten notes.

On May 20, 2014, the first PCR court heard oral argument and later issued an order and comprehensive written opinion in which it concluded that the majority of defendant's claims were barred by Rule 3:22-4(a) as they could have

---

[1] To establish ineffective assistance of counsel, a convicted defendant must satisfy the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984), by demonstrating that: 1) counsel's performance was deficient, and 2) the deficient performance actually prejudiced the accused's defense. The Strickland test has been adopted in New Jersey. See State v. Fritz, 105 N.J. 42, 58 (1987) (Strickland/Fritz).

A-5659-18

been presented on direct appeal. The court also determined that an evidentiary hearing was not required because defendant failed to establish a prima facie case of ineffective assistance of counsel. We affirmed the denial of defendant's PCR petition in an unpublished opinion, see State v. Newman, No. A-5222-13 (App. Div. Nov. 4, 2015), and on February 5, 2016, the Supreme Court denied defendant's petition for certification. State v. Newman, 224 N.J. 125 (2016).

Nearly two and a half years later, on July 24, 2018, defendant filed a second PCR petition in which he alleged his trial counsel was ineffective for failing to: challenge a juror who knew the victim, voir dire the jury and investigate their backgrounds, and request a competency hearing. Defendant also sought the appointment of counsel to assist in the prosecution of his second petition, a request that the public defender's office denied in a February 5, 2019 letter.

In a form June 12, 2019 order, the PCR court denied defendant's petition on the papers and without further proceedings. It also concluded good cause did not exist entitling defendant to assignment of counsel.

On appeal, defendant raises two arguments for our consideration. First, he contends the PCR court erred in denying his petition without an evidentiary hearing because his counsel's failure to request a competency hearing satisfied

both the performance and prejudice prongs of the <u>Strickland</u>/<u>Fritz</u> test as there was a "reasonable probability that [he] would not have been found guilty of attempted murder, where the intent to kill would have been mitigated by the testimony of a medical professional discussing his state of mind . . . ." He also contends his counsel's failure to remove a juror at his instruction, adequately voir dire the jury, and conduct any investigation into the jurors' backgrounds established a prime facie case of ineffective assistance warranting an evidentiary hearing.

Second, he argues the court incorrectly failed to find good cause under <u>Rule</u> 3:22-6(b) warranting the appointment of counsel to assist in the prosecution of his second PCR petition. Although it would have been preferable to have a more complete record of the PCR court's reasons for denial of this subsequent PCR petition, we have found nothing in defendant's brief on appeal, or in the PCR petition itself, that requires further review.

The form order used by the PCR court was in accordance with Directive #7-07. <u>Administrative Directive #7-07</u>, <u>"Post-Conviction Applications on Indictable Offenses New Form Order</u>" (Sept. 20, 2007). The form contains preprinted sections permitting PCR judges to address by means of checkoffs and

brief additional text the various issues pertinent to a second or subsequent PCR petition, including the court's ultimate decision.

In addition to completing the order, courts are asked to provide written reasons when a pro se litigant files a second or subsequent petition for post-conviction relief and the relief sought is denied. Here, the PCR judge did not complete the supplemental section or otherwise explain the bases for his reasoning to deny the petition and the appointment of counsel. It is clear on the face of the petition, however, that defendant's petition was time-barred and substantively without merit. Defendant further failed to establish good cause warranting the appointment of counsel.

In this regard, defendant's petition was clearly untimely, having been filed far beyond the ordinary five-year time limitation for a PCR petition stated in Rule 3:22-12(a)(1). Subsection (a)(2) of the same rule provides alternative and potentially additional time periods for the filing of a second or subsequent petition. Because that part of the rule contains specificities that should be addressed in more detail, the PCR court would have been better advised to attach a statement of its findings and reasoning in denying defendant's petition.

Nevertheless, our independent review of the petition discloses no basis covered by subsection (a)(2) to relax the time limitations of the Rule and to

permit the filing of this petition almost eight years after defendant's conviction, and over two years after his first petition was denied by the Supreme Court. Defendant's contentions are stated almost entirely through general statements of law, without specific application to the circumstances of his case. In addition, defendant's arguments are either substantively without merit under Strickland/Fritz, were, or could have been, addressed in his first PCR petition, or on direct appeal.

II.

Rule 3:22-4 sets forth specific requirements for second or subsequent PCR petitions. Rule 3:22-4(b) states that "[a] second or subsequent petition for post-conviction relief shall be dismissed unless: (1) it is timely under Rule 3:22-12(a)(2)" and alleges on its face either "a new rule of constitutional law," an undiscovered factual predicate, or ineffective assistance of counsel.

Further, the time limits for a second or subsequent PCR petition under Rule 3:22-12(a)-(b) provide:

> (a)(2) Notwithstanding any other provision in this rule, no second or subsequent petition shall be filed more than one year after the latest of:
>
> > (A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right

7

has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or

(B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or

(C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged . . . .

(b) These time limitations shall not be relaxed, except as provided herein.

Subparagraph (b) was added to Rule 3:22-12 in 2009 "to make clear that the general time limits to file a petition for post-conviction relief as set forth in [Rule] 3:22-12 cannot be enlarged or relaxed except as specifically set forth in [Rule] 3:22-12(a)." State v. Jackson, 454 N.J. Super. 284, 293 (App. Div. 2018) (citing Report of the Supreme Court Criminal Practice Committee 2007–2009 Term at 4–5 (Feb. 17, 2009)). Under amended Rule 3:22-12(a)(1)(A), the filing of a "First Petition For Post–Conviction Relief" more than five years after the date of the judgment of conviction can be excused only if the defendant shows both "that the delay beyond said time was due to defendant's excusable neglect

A-5659-18

and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice." That exception to the five-year time limit, however, does not apply to second or subsequent petitions under Rule 3:22-12(a)(2). Jackson, 454 N.J. Super. at 293–94.

Here, defendant's second PCR petition was clearly untimely. Indeed, he does not assert a newly recognized constitutional right, Rule 3:22-12(a)(2)(A), or that his ineffectiveness claim is based on information or evidence that could not have been discovered earlier through the exercise of reasonable diligence. R. 3:22-12(a)(2)(B). Further, defendant's second PCR petition was not timely under Rule 3:22-12(a)(2)(C) because it was not filed within one year of February 5, 2016, the date the Supreme Court denied his first PCR petition. As noted, defendant did not file his second petition until July 24, 2018, well beyond the time period required by the Rule.

In addition, we are satisfied from our review of the record that defendant's ineffective assistance of counsel claims are substantively without merit. We previously rejected defendant's Strickland/Fritz claims related to his trial counsel's decision with respect to the selection of the jury. In affirming the court's denial of defendant's first PCR petition, we stated:

> Defendant has not shown that his counsel's decision not to excuse the juror was a strategic miscalculation or mistake, particularly in view of the juror's statements that he could be fair and impartial. Moreover, even if counsel's strategic decision was erroneous, defendant has not established that he was prejudiced by the decision. Defendant has not shown a reasonable probability that the result here would have been different if the juror had been excused and another juror selected.
>
> [State v. Newman, No A-5222-13T2 (App. Div. Nov. 4, 2015) (slip op. at 9).]

We also find no support in the record for defendant's remaining claims, including his allegation that counsel's failure to request a competency hearing satisfies both prongs of the Strickland/Fritz test. Where evidence "raises a bona fide doubt" as to a defendant's competence, a defendant is entitled to such a hearing. State v. Purnell, 394 N.J. Super. 28, 47 (App. Div. 2007) (quoting Pate v. Robinson, 383 U.S. 375, 378 (1966)). Once the issue of competence is raised, the State then bears the burden of establishing competence by a preponderance of the evidence. State v. Lambert, 275 N.J. Super. 125, 129 (App. Div. 1994).

In Dusky v. United States, the United States Supreme Court defined the minimum requirements to determine a defendant's competence to stand trial. 362 U.S. 402, 402 (1960). The test is "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational

10

understanding and whether he has a rational as well as a factual understanding of the proceedings against him." Purnell, 394 N.J. Super. at 47 (quoting Dusky, 362 U.S. at 402); see also State v. Auld, 2 N.J. 426, 435, (1949) ("One unable to comprehend his position, to consult intelligently with counsel and plan his defense cannot be put to trial."). New Jersey has codified this standard at N.J.S.A. 2C:4-4, which provides that "[n]o person who lacks capacity to understand the proceedings against him or to assist in his own defense shall be tried, convicted or sentenced for the commission of an offense so long as such incapacity endures."

Defendant argues that his actions prior to the shooting, and particularly his interaction with the victim's former girlfriend, suggest he was in a "potentially delusional state" during the commission of the crime and that such evidence required a competency exam prior to trial and assignment of counsel on his second PCR petition. The record, however, is devoid of affidavits, certifications, or other competent proofs necessary to support his claim that he was incompetent to stand trial. See State v. Porter, 216 N.J. 343, 355 (2013) (Court Rules require "[a]ny factual assertion that provides the predicate for a claim of relief" to be supported an "affidavit or certification pursuant to Rule 1:4-4.").

Absent such evidence, we are satisfied that defendant's trial counsel's decision to forego a competency hearing does not fall below an objective standard of reasonableness, as an attorney's failure to raise a losing argument does not amount to deficient performance. State v. Worlock, 117 N.J. 596, 625 (1990) ("The failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel."). Simply put, the record before us does not raise a bona fide doubt as to defendant's competence, nor does it suggest he had an impaired ability to understand the nature of the proceedings against him.

III.

For similar reasons, we are also satisfied from our review of the record that defendant failed to establish "good cause" sufficient to require appointment of counsel under Rule 3:22-6(b). Indigent defendants who file second or subsequent PCR petitions are not entitled to appointment of counsel unless a judge determines that "good cause" exists. R. 3:22-6(b); State v. McIlhenny, 333 N.J. Super. 85, 90 (App. Div. 2000). Under Rule 3:22-6(b), "[g]ood cause exists only when the court finds that a substantial issue of fact or law requires assignment of counsel and when a second or subsequent petition alleges on its face a basis to preclude dismissal under R. 3:22-4." This section of the Rule limits "good cause" to circumstances where the court finds "a substantial issue

of fact or law" that signals some merit in the petition.  <u>See</u> Pressler & Verniero, <u>Current N.J. Court Rules</u>, cmt. on R. 3:22-6(b) (2020).  Here, for the reasons we previously detailed, defendant failed to establish the existence of a substantial factual or legal question as to the merits of his petition.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5659-18