**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1395-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CRUZ MARTINEZ, JR.,

    Defendant-Appellant.

_____

Submitted December 10, 2025 – Decided February 13, 2026

Before Judges Mayer and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 13-08-1528.

Cruz Martinez, Jr., self-represented appellant.

Wayne Mello, Acting Hudson County Prosecutor, attorney for respondent (Colleen Kristan Signorelli, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Cruz Martinez, Jr., appeals from a June 19, 2024 order denying his second petition for post-conviction relief (PCR). In his second petition, defendant asserted that he received ineffective assistance of trial counsel and first PCR counsel. Because the PCR court's decision failed to address defendant's claims of ineffective assistance of PCR counsel or whether these claims establish good cause for the assignment of counsel, we reverse and remand.

We do not need to repeat the facts and procedural history leading to defendant's murder conviction. Because the parties are familiar with this matter, we incorporate by reference the procedural history and facts set forth in our prior decisions. See State v. Martinez (Martinez I), No. A-0395-15 (App. Div. May 15, 2017), certif. denied, 232 N.J. 159 (2018); State v. Martinez (Martinez II), No. A-4664-18 (App. Div. June 17, 2020), certif. denied, 244 N.J. 294 (2020); State v. Martinez (Martinez III), No. A-2012-21 (App. Div. Jan. 5, 2024). Therefore, we limit our recitation to the issues raised in this appeal.

We affirmed the denial of defendant's first petition for PCR without an evidentiary hearing. See Martinez II, slip op. at 2. In his first PCR, defendant claimed he was provided with ineffective assistance of trial counsel. In Martinez I, we concluded trial counsel had

2

argued that a <u>Wade</u>[1] hearing was required to challenge the admissibility of the out-of-court identification of defendant as the perpetrator by I.T. Defendant's counsel argued that a hearing was required to determine whether or not: (1) the photo array was impermissibly suggestive as the investigator dealt with a minor; (2) the voir dire was inadequate as to whether I.T. understood the nature of truth versus falsity; (3) Detective Fusiak failed to inform I.T. that the suspect's photo may or may not be in the photo array in violation of New Jersey Attorney General Guidelines; and (4) I.T. was interviewed two days before being shown the photographs and did not make an identification of defendant.

[<u>Martinez II</u>, slip op. at 4-5.]

However,

[a]t the <u>Wade</u> hearing, defense counsel informed the trial court that he had no witnesses to present. Counsel stated, "I did not subpoena [I.T.] and there's a reason why . . . ." Defense counsel explained he was not certain whether I.T.'s guardian would make the child available to testify and confirmed, "I'm not going to be calling the boy." The trial court denied defendant's <u>Wade</u> motion and concluded that the standards set forth in <u>State v. Henderson</u>, 208 N.J. 208 (2011), were satisfied. Additionally, the trial court found there was no indication that the photo identification process warranted suppression of I.T.'s identification of defendant.

---

[1] "A <u>Wade</u> hearing is required to determine if the identification procedure was impermissibly suggestive and, if so, whether the identification is reliable. The trial court conducts a <u>Wade</u> hearing to determine the admissibility of the out-of-court identifications." <u>State v. Micelli</u>, 215 N.J. 284, 288 (2013); <u>United States v. Wade</u>, 388 U.S. 218 (1967).

3

[Id. at 5 (second alteration in original) (citation reformatted) (footnote omitted).]

In his first PCR petition, defendant had claimed trial counsel's representation was ineffective because counsel "failed to subpoena I.T. or any live witnesses to testify at the Wade hearing." Id. at 6.

We noted the PCR court's conclusion in denying his first petition for PCR that "defendant 'failed to state a prima facie claim of ineffective counsel'" and had "failed to allege facts sufficient to warrant an evidentiary hearing." Id. at 6. Further, we noted the PCR court's determination that:

> [I]t is purely speculative that the alleged deficiency in not calling I.T. as a testifying witness at the Wade hearing would have had any bearing on the admissibility of the identification or the ensuing trial result, because the trial court [made] specific reliability findings that did not turn on the applicant's proffer of a failed first identification but turned instead on the proper police procedure used in the photo array.
>
> [Ibid. (alterations in original).]

In addition, in reviewing the denial of defendant's first PCR, we stated that "[t]he PCR court noted that the trial court found nothing suggestive with the photo array used 'because all individuals pictured appeared with similar physical characteristics and skin complexion.'" Ibid. "Furthermore, the PCR court

A-1395-24

pointed out that defendant's trial counsel chose not to subpoena I.T. as a matter of 'trial strategy.'" Id. at 6-7.

We affirmed the denial of defendant's first PCR "substantially for the reasons expressed by the PCR court," id. at 9, and added "that defendant failed to establish he was prejudiced by counsel's handling of this issue." Id. at 10. We noted the trial court found I.T.'s identification of defendant was reliable and that I.T. testified during trial and "pointed to defendant in the courtroom." Id. at 11. "We [we]re convinced defendant failed to present a prima facie claim of ineffective assistance of counsel regarding his attorney's decision not to subpoena [witnesses] on I.T.'s identification." Ibid.

While defendant's appeal from the denial of his first petition for PCR was pending, he filed a second petition for PCR. "In his second PCR petition, defendant alleged ineffective assistance of PCR counsel." Martinez III, slip op. at 3. When defendant initially filed his second petition, it was not processed because the appeal from the denial of his first petition for PCR was still pending. After learning the Supreme Court had denied certification to review our opinion in Martinez II concerning his first PCR petition, defendant requested that the trial court process and reopen his second petition. See Martinez III, slip op. at 4. Defendant's second PCR petition was denied, "as time barred." Ibid. The

judge provided no explanation for the decision, except for references to various court rules.  See ibid.

We vacated and remanded the denial of his second petition for PCR, "for the PCR judge to determine whether there is good cause for referral of defendant's second PCR [petition] to the Office of Public Defender and to consider the contentions raised in defendant's second PCR petition, applying the two-prong test in" Strickland v. Washington, 466 U.S. 668 (1984).  Id. at 2.

Following our remand, the PCR court issued a seven-page written decision accompanying its order denying defendant's second petition for PCR.  The PCR court described defendant's second petition for PCR as

> a single page without supportive documents or materials.  Defendant puts forth the following assertions:  (1) the minor witness provided false testimony; (2) his trial attorney was ineffective because he failed to call the minor witness to his Wade hearing; (3) witness Waleska Figueroa, the mother of the victim, admitted to lying [about d]efendant's location during a prior incident; (4) witness Lamar Farrar, the co-defendant, made inconsistent unreliable statements regarding [d]efendant's participation in the alleged crime; and (5) witness Jamie Forlenzo admitted to making a false statement.

The court declined to assign the matter to the Office of Public Defender.  Applying Rule 3:22-6(b), the court found neither a "substantial basis" or issue

6

was presented by the petition; nor that "the petition . . . assert[ed] on its face a basis to preclude dismissal under R[ule] 3:22-4(b)(2)."

Moreover, the court found defendant's second petition failed to "make a prima[]facie showing of ineffective assistance [of counsel] under the Strickland[/]Fritz[2] two-prong test." The court determined:

> First, like [d]efendant's original PCR petition, he again challenges the reliability of the witness identification and claims his attorney's failure to call and confront this witness at the Wade hearing was ineffective. The petition re-packages previous arguments regarding the identification and assistance of counsel during the Wade hearing, which were litigated and dismissed in [d]efendant's first PCR petition. Additionally, this ineffective assistance of counsel claim does not satisfy the Strickland[/]Fritz standard. Defendant bears the burden and here does not allege specific facts to demonstrate that counsel was ineffective. Defendant only puts forth bald assertions that were already dismissed in his first PCR and are now submitted without new supportive documentation. Therefore, this [c]ourt does not find . . . [d]efendant made a prima[]facie showing of ineffective assistance of counsel.
>
> Next, [d]efendant attacks witness statements and testimony without citing to specific transcripts or explaining the context of those statements. First, [d]efendant accuses witness Waleska Figuera of recently lying in an interview, stating that [d]efendant was involved in a prior incident that led to the murder

---

2 In State v. Fritz, 105 N.J. 42, 58 (1987), the New Jersey Supreme Court adopted the Strickland standard.

at issue. However, [d]efendant does not provide information about the interview, such as when it occurred, or a transcript of this interview. This [c]ourt cannot find this is a substantial basis to preclude dismissal. Second, [d]efendant raises co-defendant Lamar Farar's initial denial about his involvement in the crime yet later testified to the events of the crime and that he was present for the murder. This is another bald assertion that does not establish a substantial basis to preclude dismissal. The trial court and jury knew of the inconsistent statement as it was a part of the trial transcript. Re-stating this factual predicate that was known to the parties at trial does not provide new information for this [c]ourt to consider. Third, [d]efendant takes issue with witness Jamie Forlenzo, who testified at trial that [d]efendant had admitted to her that he had shot the victim. In his petition [d]efendant asserts that an investigative report states that Ms. Forlenzo admits to "making an earlier false statement claiming that her friend Puti and her got together and agreed to lie. They would tell Read this in an earlier interview with Jamie Forlenzo." It is unclear what argument [d]efendant is trying to make and this [c]ourt cannot make the arguments on [d]efendant's behalf. . . . Additionally, this argument does not present any new evidence. Therefore, this final argument is also bald assertion . . . .

To whatever extent [d]efendant claims that his counsel was ineffective for failing to challenge these witnesses' statements and testimony, this [c]ourt again finds that there is no prima[]facie showing of ineffective assistance of counsel. Defendant does not allege specific facts of how counsel was ineffective, nor does he submit additional documentation to support his assertions. His arguments lack specificity and new information. Absent more facts or evidentiary support, this [c]ourt can only conclude that counsel was

8

effective. Therefore, [d]efendant fails to make a prima[]facie showing of ineffective assistance of counsel.

The court denied the second petition.

On appeal, defendant presents the following arguments:

POINT I.

A REMAND IS REQUIRED BECAUSE THE SECOND PCR COURT DID NOT ADDRESS ANY OF [DEFENDANT]'S GROUNDS RAISED IN HIS SECOND PCR PETITION. SEE STATE v. WEBSTER, 187 N.J. 254, 258 (2006).

POINT II.

A NEW PCR HEARING IS REQUIRED AS FIRST PCR COUNSEL FAILED TO MEET THE STANDARDS ARTICULATED BY THE SUPREME COURT IN STATE V. WEBSTER, 187 N.J. 254 (2006) AND RULE 3:22-6(d).

Defendant contends "[a] careful review of the second PCR court's opinion demonstrates that the court did not address a single issue raised in [his] second PCR." Indeed, defendant notes the court referenced his having submitted a "single page" when he submitted "a thirteen (13) page petition supported by legal arguments." (Emphasis omitted).

9

In his second PCR petition, defendant had raised the following arguments:

POINT I

FIRST PCR COUNSEL . . . FAILED TO ADEQUATELY PREPARE AND EXERCISE NORMAL AND CUSTOMARY SKILLS IN HIS PREPARATION OF DEFENDANT'S PCR, FAILED TO INVESTIGATE CLAIMS OF DEFENDANT AND FAILED TO PROPERLY PRESENT THOSE CLAIMS TO THE COURT.

POINT II

THIS SECOND PETITION FOR [PCR] IS TIMELY FILED.

POINT III

DEFENDANT HAS PRESENTED A PRIMA FACIE CLAIM OF INEFFECTIVE ASSISTANCE OF FIRST PCR [COUNSEL] AND SHOULD RECEIVE AN EVIDENTIARY HEARING.

1. PCR counsel failed to properly investigate defendant's claims;

2. PCR counsel failed to prepare and submit affidavits in support of defendant's claims;

3. PCR counsel failed to provide defendant with his PCR brief prior to going to court, which prevented him the opportunity to instruct his attorney to add issues and make changes;

10

4. PCR counsel failed to present evidence outside the record that defendant wanted counsel to present;

5. PCR counsel failed to provide defendant with complete discovery;

6. PCR counsel failed to provide defendant with trial transcripts;

7. PCR counsel failed to provide defendant with the entire trial file;

8. PCR counsel failed to interview I.T. and failed to call I.T. at the Wade hearing;

9. PCR counsel failed to properly raise that trial counsel did not move to have the sleeping juror made an alternate juror;

10. PCR counsel failed to put forth any meaningful arguments despite defendant having issues of substantial merit;

11. Each of these errors were of such magnitude as to render first PCR counsel and PCR appellate counsel's assistance ineffective, in their aggregate, the cumulative effect of counsels' errors absolutely demonstrates ineffective assistance of plea and first PCR counsel.

PCR "is New Jersey's analogue to the federal writ of habeas corpus." State v. Pierre, 223 N.J. 560, 576 (2015) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)). It "provide[s] a built-in 'safeguard that ensures that a defendant [i]s not

unjustly convicted.'" State v. Nash, 212 N.J. 518, 540 (2013) (quoting State v. McQuaid, 147 N.J. 464, 482 (1997)).

"A petition for [PCR] is cognizable if based upon . . . [a s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey." R. 3:22-2(a). "Those accused in criminal proceedings are guaranteed the right to counsel to assist in their defense." State v. Gideon, 244 N.J. 538, 549 (2021) (citing U.S. Const. amend. VI; N.J. Const. art. I, ¶ 10). "[I]t is not enough '[t]hat a person who happens to be a lawyer is present at trial alongside the accused,' rather, the right to counsel has been interpreted by the United States Supreme Court and [the New Jersey Supreme] Court as 'the right to the effective assistance of counsel.'" Id. at 550 (second alteration in original) (citation omitted) (quoting Strickland, 466 U.S. at 685-86). The Strickland "standard has two prongs." Ibid. "First, the defendant must show that counsel's performance was deficient." Ibid. (quoting Strickland, 466 U.S. at 687). "Second, the defendant must have been prejudiced by counsel's deficient performance." Ibid.

In accordance with Rule 3:22-4(b):

> Second or Subsequent Petition for [PCR].  A second or subsequent petition for [PCR] shall be dismissed unless:
>
> (1) it is timely under R[ule] 3:22-12(a)(2); and
>
> (2) it alleges on its face . . .:
>
> . . . .
>
>> (C) that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for [PCR].
>
> [(Boldface omitted).]

"While neither our case[]law nor rules require the assignment of counsel for second or subsequent [PCR] petitions, there can be no question that a defendant is entitled to effective and competent assistance of counsel when the court finds 'good cause' to make the assignment."  State v. McIlhenny, 333 N.J. Super. 85, 87 (App. Div. 2000) (citing R. 3:22-6(b)).  The Rule provides:

> Upon any second or subsequent petition filed pursuant to this Rule attacking the same conviction, the matter shall be assigned to the Office of the Public Defender only upon application therefor and showing of good cause.  For purposes of this section, good cause exists only when the court finds that a substantial issue of fact or law requires assignment of counsel and when a second or subsequent petition alleges on its face a basis to preclude dismissal under R[ule] 3:22-4.

13

[R. 3:22-6(b).]

"Presumably, a good cause finding in this context means the court's satisfaction that there is some merit in the subsequent petition and that it is not wholly frivolous. . . . This paragraph defines good cause as a 'substantial basis' sufficient to preclude dismissal." Pressler & Verniero, Current N.J. Court Rules, cmt. 2 on R. 3:22-6(b) (2026).

Under Rule 3:22-6(d), "[assigned c]ounsel should advance all of the legitimate arguments requested by the defendant that the record will support." When a "defendant insists upon the assertion of any grounds for relief that counsel deems to be without merit, counsel shall list such claims in the petition or amended petition or incorporate them by reference." Ibid. See also Webster, 187 N.J. at 257; State v. Rue, 175 N.J. 1 (2001) (discussing the obligations of counsel under the Rule).

"In making final determination upon a petition, the court shall state separately its findings of fact and conclusions of law . . . ." R. 3:22-11; see also R. 1:7-4 ("The court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . .").

Because the PCR court's decision was silent regarding defendant's claim of ineffective assistance of PCR counsel, remand is necessary. On remand, the

14

court must address whether there is "good cause" for the Office of the Public Defender to be assigned in connection with defendant's second PCR petition. Further, the court must comply with Rule 3:22-11, and "state separately its findings of fact and conclusions of law" as to each of defendants ineffective assistance of counsel claims regarding PCR counsel. Although the procedural history in this matter is somewhat convoluted, PCR petitions "cannot be disposed of out of hand." State v. Odom, 113 N.J. Super. 186, 189 (App. Div. 1971).

Our remand is limited to defendant's claims as to PCR counsel's ineffective representation. Any ineffective assistance claims related to defendant's trial counsel are barred because they were or "could . . . [have] reasonably been raised in" his first petition for PCR. R. 3:22-4(a)(1). We offer no opinion whether defendant is able to establish "good cause" for assignment of counsel, Rule 3:22-6(b), nor the merits of defendant's claims against his PCR counsel under Strickland.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

15

A-1395-24