113 N.J. Super. 186 (1971)
273 A.2d 379
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WALLACE SOLOMON ODOM, DEFENDANT-APPELLANT, AND ALFRED RAVENELL, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued January 19, 1971.
Decided January 27, 1971.
*188 Before Judges KILKENNY, HALPERN and LANE.
Mr. Richard T. Sweeney, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney; Mr. Joseph A. Abbott, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. Elson P. Kendall, Assistant Prosecutor, argued the cause for respondent (Mr. Karl Asch, Union County Prosecutor, attorney; Mr. Kendall, on the brief).
The opinion of the court was delivered by LANE, J.A.D.
Odom appeals from an order denying his second petition for post-conviction relief.
On June 13, 1963 he was found guilty of murder in the first degree of two persons with recommendations for life imprisonment and sentenced to concurrent life sentences. Ravenell appealed the conviction. The facts surrounding the crimes are set forth in the opinion of the Supreme Court and need not be repeated here. State v. Ravenell, 43 N.J. 171 (1964), cert. den. 379 U.S. 982, 85 S.Ct. 690, 13 L.Ed.2d 572 (1965).
Before us it is argued that it was error for the trial court to fail to hold a plenary hearing "to determine the merit of the defendant's petition in violation of his due process rights as guaranteed by Fourteenth Amendment to the Federal Constitution." If the defendant means an evidentiary hearing, we do not agree as will be seen later. If the defendant means a hearing at which each ground for relief is considered, we do agree.
*189 The order appealed from states that the application is barred under R. 3:22-4. The fact that the defendant had brought an earlier petition for post-conviction relief is not in itself sufficient reason to deny the present petition, unless the prior adjudication was upon the merits of the issues now urged (R. 3:22-5) or unless the present petition does not fall within the exceptions in R. 3:22-4. State v. Johnson, 43 N.J. 572 (1965), aff'd 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966); cf. State v. Pohlabel, 40 N.J. Super. 416, 422 (App. Div. 1956). The trial court did not set forth any findings of fact or conclusions of law as required by R. 1:7-4. Petitions for post-conviction relief cannot be disposed of out of hand. Rather than remand, we will exercise original jurisdiction to determine the matter. R. 2:10-5.
The grounds set forth in the petition are (verbatim):
(1) Defendant was illegally arrested on July 21, 1962, without a warrant and detained by the Elizabeth Police Department and consequently the confession (State's Item 9 for Identification) was unlawfully obtained and not admissible into evidence.
(2) The defendant was not advised that he was a suspect and was not offered or furnished counsel prior to the making of any confession and therefore the confession was obtained in violation of the defendant's Constitutional rights and therefore invalid and not admissible in evidence. Defendant relies on Culombe v. Connecticut, 367 U.S. 568 (1961) case and Watts v. Indiana, 338 U.S. 49, at 58-59 (1949) case.
(3) Petitioner's rights were substantially denied under the Constitution of the United States or the Constitution or the laws of the State of New Jersey in that petitioner was denied the right of a fair trial so guaranteed, resulting from the highly improper instructions to the jury by the trial judge, which instructions invaded the exclusive province of the jury.
(4) The said sentences is harsh, cruel, excessive and contrary to the defendant's rights under the Constitution of the United States and that of the State of New Jersey.
(5) The defendant was denied his Constitutional right to file and prosecute an appeal from defendant's June 1963 conviction and sentence, all contrary to the fair administration of criminal justice and due process of law.
(6) It is claimed that the defendant in this case was denied due process of law. It is further claimed that a denial of the relief would be contrary to fundamental justice or to the Constitution of *190 the State of New Jersey. That the contentions of the petitioner is completely supported by either the law or the facts in the case.
The first application for post-conviction relief set forth the following grounds:
1. Denied a fair and impartial trial, which violated defendant's Constitutional rights to due process.
2. Sentence and conviction are illegal and void due to trial judge's failure at sentencing, to inform defendant of his right to appeal, as afforded under the provisions contained in the rules of criminal procedure:- "(Rule 3:7-10(c)".
The transcript of the argument on the first petition for post-conviction relief shows that the court considered and disposed of adversely to the defendant three specific allegations. The allegations considered were (1) that the defendant was not notified of his right to appeal; (2) that the trial court improperly submitted to the jury the testimony of the witness Barbara Jeter; and (3) that the trial court erred in admitting into evidence the statement taken from the defendant allegedly in violation of his constitutional rights.
In disposing of the allegation that the defendant had not been advised of his right to appeal, there was presented to the court an affidavit signed by the defendant in which he acknowledged that he had been advised of his right to appeal both from the conviction and from the sentence by his attorney and that:
I have advised Mr. Muscatello that I do not want him to appeal the verdict or the sentence. I am satisfied to leave things as they are now.
The trial court fully considered the second allegation and disposed of it on its merits, pointing out that the same argument had been made to the Supreme Court in State v. Ravenell, 43 N.J. 171, supra. In denying relief on the third allegation contained in the first petition for post-conviction relief, the trial court held that a full and complete hearing *191 had been conducted by the court at the trial as to the voluntariness of the defendant's statement.
No appeal was taken from the denial of the first petition for post-conviction relief.
As to the pending petition for post-conviction relief, grounds 1 and 5 were disposed of by the denial of the first petition. R. 3:22-5.
The second ground was disposed of by the hearing held at the trial on the voluntariness of the statement. Insofar as it may be based upon Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), which was decided June 22, 1964, after the defendant's conviction, it fails to set forth a right to relief. Escobedo is not retroactive. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). Defendant is not entitled to any relief on this ground.
The third ground of the petition does not set forth anything cognizable in a petition for post-conviction relief. The most than can be said for it is that it makes a general allegation of errors in the charge which must be asserted on appeal. There is absolutely no showing that any such alleged errors denied the defendant "fundamental fairness in a constitutional sense." R. 3:22-4. State v. Smith, 43 N.J. 67, 74 (1964), cert. den. 379 U.S. 1005, 85 S.Ct. 731, 13 L.Ed.2d 706 (1965).
Ground No. 4 refers to the concurrent sentences of life imprisonment. No argument is made in support of this ground. The punishment for murder in the first degree is prescribed by the Legislature in N.J.S.A. 2A:113-4. A sentence of life imprisonment for murder in the first degree is not cruel and unusual punishment in violation of the Eighth Amendment. Powell v. Texas, 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed.2d 1254 (1968); Hoard v. Dutton, 360 F.2d 673 (5 Cir.1966), cert. den. 385 U.S. 881, 87 S.Ct. 166, 17 L.Ed.2d 108 (1966). Consecutive sentences for life imprisonment have been approved. State v. Carter, 54 N.J. 436, 451-452 (1969), cert. den. 397 U.S. 948, 90 *192 S.Ct. 969, 25 L.Ed.2d 130 (1970). See also State v. Vance, 112 N.J. Super. 479 (App. Div. 1970). Certainly, concurrent life imprisonment terms for two separate killings are not excessive.
This disposes of all of the grounds of the present petition for post-conviction relief except the sixth ground which is a general statement that the defendant was denied due process of law. This ground may be merely a conclusion based on the five other grounds. If it is intended to be an independent ground, it is entirely too vague to be cognizable and is not sufficient to require the holding of an evidentiary hearing. State v. Lenkowski, 24 N.J. Super. 444, 447 (App. Div. 1953). See also State v. Reynolds, 43 N.J. 597 (1965), and State v. Johnson, 43 N.J. 572, supra, in which cases it appears from the opinions that the allegations were particularized and supported by affidavits submitted on the appeal. Cf. Wade v. Yeager, 377 F.2d 841, 846 (3 Cir.1967), cert. den. 393 U.S. 893, 89 S.Ct. 218, 21 L.Ed.2d 173 (1968).
Having examined all of the grounds set forth in the second petition for post-conviction relief, we find that none of them disclose that the denial of the relief would be contrary to the Constitution of the United States or of this State or would result in fundamental injustice.
The order denying the petition for post-conviction relief is affirmed.