**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5038-18T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DANIEL V. HERNANDO, a/k/a
DANNY HERNANDO TINK,

    Defendant-Appellant.

_____

<div style="margin-left:2em">

Submitted January 12, 2021 – Decided February 1, 2021

Before Judges Mawla and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Hunterdon County, Indictment Nos. 10-12-0452 and 11-05-0166.

Joseph E. Krakora, Public Defender, attorney for appellant (Kathryn Sylvester, Deputy Public Defender, of counsel and on the brief).

Michael J. Williams, Acting Hunterdon County Prosecutor, attorney for respondent (Jeffrey L. Weinstein, Special Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

</div>

PER CURIAM

Defendant Daniel V. Hernando appeals from a May 31, 2019 Law Division order dismissing his petition for post-conviction relief (PCR) with prejudice. We reverse and remand for further proceedings.

I.

Defendant was born in Uruguay and became a United States permanent resident. On January 16, 2009, he pled guilty under Indictment No. 08-10-0407 to third-degree conspiracy to commit burglary and a petty disorderly persons offense, and was sentenced to a concurrent two-year probationary term. Defendant subsequently pled guilty to a violation of probation and was sentenced to an aggregate four-year prison term.

On December 16, 2010, defendant was charged under Indictment No. 10-12-0452 with two counts of third-degree possession of a controlled substance (CDS), one count of fourth-degree unlawful possession of a weapon, and one count of fourth-degree possession of a CDS with intent to distribute. On December 21, 2010, the Department of Homeland Security filed a notice for defendant to appear for removal proceedings. An Immigration and Customs Enforcement (ICE) detainer was also lodged against him.

On May 19, 2011, defendant was charged under Indictment No. 11-05-0166 with three counts of third-degree forgery, one count of fourth-degree theft by deception, and one count of third-degree burglary. On June 16, 2011, defendant entered a negotiated plea under Indictment Nos. 452[1] and 166 to one count of third-degree possession of CDS, one count of fourth-degree possession with intent to distribute, and one count of third-degree forgery.

In the accompanying plea form, defendant acknowledged in question number seventeen that: 1) he was not a citizen of the United States; 2) he "may be deported by virtue of [his] plea of guilty"; 3) "if [his] plea of guilty is to a crime considered an 'aggravated felony' under Federal law [he would] be subject to deportation/removal"; and 4) "[he had] the right to seek legal advice on [his] immigration status prior to entering a plea of guilty." Defendant also stated that he did not have any questions concerning the plea. On January 3, 2012, a judgment of conviction (JOC) was entered against defendant which sentenced him in accordance with his plea to a four-year prison term concurrent with his existing term of incarceration.[2]

---

[1] For ease of reference we refer only to the last three digits of the indictment numbers.

[2] The record does not contain a copy of the January 3, 2012 sentencing transcript.

A-5038-18T2

On December 20, 2013, defendant filed a PCR petition related to his conviction and sentence under Indictment No. 407 and his subsequent violation of probation. Defendant alleged that "but for the misinformation he received from his trial counsel with regard to the immigration consequences of his guilty plea, he would not have entered a guilty plea on the original charges." Defendant further maintained that "that no one explained to him the effect that the plea and subsequent sentence would have on his status" when he entered the plea for violation of probation.

On March 31, 2016, the PCR judge granted an evidentiary hearing. In her accompanying written decision, the judge found that defendant had established "a prima facie case that his counsel gave material mis-advice . . . regarding his immigration status and that advice had subsequent material consequences after pleading guilty and being sentenced on his [violation of probation]." The judge further concluded that "[t]here [was] circumstantial evidence that defendant would have viewed deportation as a substantial consequence and that he would accept the risk of trial in return for the prospect of acquittal and the ability to remain in the United States."

On April 21, 2016, the PCR judge granted defendant's petition for post-conviction relief and vacated his sentence under Indictment No. 407 and

4

subsequent violation of probation. Defendant later agreed to plead guilty to criminal trespass and was sentenced to 180 days in county jail and was awarded 180 days of jail credit.

On January 3, 2017, defendant filed a pro-se PCR petition with an accompanying certification related to the January 3, 2012 JOC for Indictment Nos. 452 and 166. Defendant certified that his attorney incorrectly told him that "since [he] had a previous deportable conviction, it didn't make any difference [if he] accepted another deportable conviction." Defendant also attested that his attorney failed to inform him that his first sentence was appealable under Rule 3:22. Defendant further stated he voluntarily left the country for his native Uruguay.

The matter was assigned to the same PCR judge for disposition. On March 10, 2017, the PCR judge issued an order of assignment of counsel in accordance with Rule 3:22-6A. On March 16, 2018, at the parties' request, the PCR judge issued an order dismissing defendant's petition for post-conviction relief "without prejudice for a period of one year." The order also provided that if defendant decided "to refile his [m]otion for [p]ost-[c]onviction [r]elief within one year from the date of this [o]rder, the original filing date . . . will apply."

A-5038-18T2

At some point thereafter, defendant was assigned new counsel who requested an extension from the March 16, 2018 order to file an amended petition and a briefing schedule due to his inability to maintain contact with defendant as he resided in Uruguay. On March 6, 2019, the PCR judge granted defendant's counsel's request and issued an order requiring defendant to file any amended petition by April 30, 2019.

Defendant failed to file an amended petition by April 30, 2019. Nonetheless, with the State's consent, the court granted another extension to May 30, 2019. Defense counsel again was apparently unable to contact defendant and subsequently requested "that the petition be withdrawn, resulting in a dismissal without prejudice, so that if [defendant] was in touch with counsel or the Office of the Public Defender, his first PCR petition could be refiled." The State, however, objected and on May 31, 2019, the PCR judge issued an order dismissing defendant's PCR petition with prejudice and explained:

> The court having extended [defendant's] time to file from April 30, 2019 to May 30, 2019, with prosecutor consent; the court having considered [defendant's] counsel's request to withdraw the petition without prejudice; the state objecting to same; the court having considered this court's order dated March 16, 2018, previously dismissing [defendant's] petition without prejudice and allowing [defendant] an additional year to file, with prosecutor consent; the court finding that [defendant] has not shown excusable neglect pursuant

to [Rule] 3:22-12(a)(1)(A); [Defendant] having been unable to be located by counsel, with a last known address in Uruguay; the absence of an amended petition pursuant to [Rule] 3:22-6A(3); and for good cause shown.

## II.

On appeal, defendant presents the following arguments for our consideration.

> I. AS PETITIONER'S PCR FILING IS TIMELY, NO EXCUSABLE NEGLECT SHOWING IS REQUIRED.
>
> II. THE COURT ABUSED ITS DISCRETION BY DISMISSING [DEFENDANT'S] POST CONVICTION RELIEF PETITION WITH PREJUDICE.

A claim for ineffective assistance of counsel must satisfy the two-part test pronounced in Strickland v. Washington, 466 U.S. 668 (1984), and State v. Fritz, 105 N.J. 42 (1987), by demonstrating that "counsel's performance was deficient," that is, "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687; Fritz, 105 N.J. at 58. This test extends to appellate counsel as well. State v. Loftin, 191 N.J. 172, 197-98 (2007).

The first prong requires a showing that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. A

7

defendant, however, must overcome a strong presumption that counsel rendered reasonable professional assistance.  Id. at 689.  "The test is not whether defense counsel could have done better, but whether he met the constitutional threshold for effectiveness."  State v. Nash, 212 N.J. 518, 543 (2013).  Further, the failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel.  State v. Worlock, 117 N.J. 596, 625 (1990); Strickland, 466 U.S. at 688.

Under the second prong, a defendant must demonstrate that his counsel's errors prejudiced the defense such as to deprive defendant of a fair and reliable outcome.  Strickland, 466 U.S. at 687.  To prove this element, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.

Rule 3:22-12(a)(1) provides "no petition shall be filed pursuant to this rule more than [five] years after the date of entry pursuant to Rule 3:21-5 of the judgment of conviction that is being challenged . . . ."  See also State v. Riley, 216 N.J. Super. 383, 389 (App. Div. 1987) (noting that the five-year period for filing commences with the entry of the judgment of conviction).  "[A] court may relax the time bar if the defendant alleges facts demonstrating that the delay was due to the defendant's excusable neglect or if the 'interests of justice' demand

it." State v. Milne, 178 N.J. 486, 492 (2004) (quoting State v. Goodwin, 173 N.J. 583, 594 (2002)); see also Rule 3:22-12(a)(1)(A).

Accordingly, "[t]he time bar should be relaxed only 'under exceptional circumstances' because '[a]s time passes, justice becomes more elusive and the necessity for preserving finality and certainty of judgments increases.'" Goodwin, 173 N.J. at 594 (quoting State v. Afanador, 151 N.J. 41, 52 (1997)). Further, "'[a]bsent compelling, extenuating circumstances, the burden to justify filing a petition after the five-year period will increase with the extent of the delay.'" Milne, 178 N.J. at 492 (2004) (quoting Afandor, 151 N.J. at 52).

We agree with defendant that the PCR court erred in dismissing the case with prejudice as untimely. As noted, defendant filed a timely PCR petition on January 3, 2017, which was within five years of the JOC for Indictment Nos. 452 and 166, a point the State concedes. In his petition, defendant certified that his counsel was ineffective because he improperly informed defendant that he would be deported regardless of whether or not he accepted a plea bargain, and that counsel did not tell defendant that his first sentence was appealable under Rule 3:22. Further, nothing in the record before us indicates that the original

petition was incognizable or that defendant's counsel informed the PCR court that it contained any deficiencies.  R. 3:22-6A(3).[3]

We acknowledge that the parties consented to dismiss defendant's petition without prejudice for a period of one year, and that defendant failed to comply with the time deadlines in the March 16, 2018 and March 6, 2019 orders.  We also understand, however, that defendant is in contact with his appellate counsel and is prepared to prosecute the petition.

Under the circumstances here, where:  1) a timely petition was filed, 2) defendant is prepared to prosecute the petition, and 3) the PCR court determined defendant received ineffective assistance of counsel with respect to an earlier petition based on similar grounds as alleged here, we conclude the appropriate course is to remand the matter for the PCR court to address the merits of defendant's claims.  See State v. Odom, 113 N.J. Super. 186, 189 (App. Div. 1971) (noting that "[p]etitions for post-conviction relief cannot be disposed of out of hand").  On remand, the court shall address the claims in defendant's

_____

[3] Rule 3:22-6A(3) provides in part:  "[w]here the order of assignment sets forth reasons that the petition is not cognizable . . . or the Office of the Public Defender determines that such deficiencies exist and so notifies the court, the attorney assigned to represent the defendant shall, within 120 days of assignment, file an amended petition or new application that is cognizable under [Rule] 3:22-2 and which meets the requirements contained in [Rule] 3:22-8 . . . ."

January 3, 2012 petition and certification under the <u>Strickland</u> test.[4] Nothing in our opinion should be construed as suggesting our view on the outcome of the remanded proceedings.

Reversed and remanded for further proceedings in conformity with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] We note in addition to concluding defendant's petition was untimely, the PCR court in its May 31, 2019 order also determined that defendant failed to meet the excusable neglect standard of <u>Rule</u> 3:22-12(a)(1)(A). The PCR court, however, failed to provide the factual or legal bases for that determination contrary to <u>Rule</u> 1:7-4. As we have concluded the PCR court should address the matter as a timely-filed petition, we do not deem it necessary for the PCR court to explain further its ruling on the excusable neglect issue.

A-5038-18T2