**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1720-22

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

PATRICK M. LATKO,

 Defendant-Appellant.

_____

> Submitted February 26, 2024 – Decided March 8, 2024
>
> Before Judges Marczyk and Chase.
>
> On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 12-05-1312.
>
> Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Susan Brody, Designated Counsel, on the brief).
>
> Matthew J. Platkin, Attorney General, attorney for respondent (Boris Moczula, Deputy Attorney General, of counsel and on the briefs).
>
> Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Patrick Latko appeals from the Law Division's November 18, 2022 order denying his second petition for post-conviction relief ("PCR") without an evidentiary hearing. We affirm substantially for the reasons expressed by Judge Pamela D'Arcy, J.S.C., in her detailed written decision.

I.

We incorporate the facts leading to defendant's conviction and sentence from our decision on defendant's direct appeal, State v. Latko, No. A-1165-13, (App. Div. Oct. 12, 2016) (slip op. at 1), certif. denied, 228 N.J. 480 (2017), where we affirmed defendant's conviction for two counts of first-degree murder and sentence to two consecutive life sentences for the fatal stabbing of a friend of "defendant's former girlfriend" and that individual's mother. In rejecting his appeal, we noted that "[t]he evidence of defendant's guilt was substantial." Ibid.

After defendant's petition for certification was denied, he filed his first PCR petition, which included claims of ineffective assistance of trial counsel. This petition was denied without an evidentiary hearing. He subsequently appealed, and we affirmed the PCR court. State v. Latko, No. A-3395-18 (App. Div. May 15, 2020), certif. denied, 244 N.J. 160 (2020). Within two months of the denial of certification, defendant filed his second PCR petition, which was

2

also denied and is the basis for this appeal. The facts underlying defendant's conviction are detailed in those previous opinions and need not be repeated in their entirety. Rather, we briefly recount the facts relevant to defendant's petition.

The State established at trial that on November 3, 2011, at 5:23 a.m., Hammonton Township Police officers received a dispatch stating a male caller reported he and his mother had been stabbed. The victim mentioned defendant by name during the 9-1-1 call. The police arrived to find two victims who had various wounds and could not be saved. Defendant's cell phone was recovered at the murder scene. The autopsies revealed that both victims had numerous stab wounds on the front, back and sides of their upper torsos, a deep slash wound to each of their necks, and defensive wounds. The medical examiner concluded they had died from the stab wounds.

Defendant had borrowed a friend's car in the days leading up to the murders. His friend testified that when defendant returned the car on the day of the murder, he took the floor mats with him and did not answer when asked why he removed them.

A-1720-22

Defendant had storage lockers at a nearby facility. A search of the lockers revealed a sheath for a knife that had "Snap-on" written on one side and a crack on the other side. The knife itself was not found at that time.

At the officers' request, the manager of the storage facility produced the activity log and video surveillance from November 3. All entries and exits into the facility itself and individual units were recorded and time stamped. The log revealed defendant was at the storage facility on the morning of the murders, shortly after the police reached the victims' home. Defendant entered the facility at 6:00 a.m., opened a unit at 6:01 a.m., closed the unit at 6:13 a.m., and left at 6:14 a.m. The surveillance video recorded activities that corresponded to the log and showed an individual entered the gate at 6:00 a.m., opened defendant's unit, and entered the unit for a short period of time. The individual came out wearing different clothes and holding something in his hand, got into a car, and left.

A few days after the murders, a knife was recovered from the front yard of a home approximately one-half mile from the victims' home. The knife had a black handle, with the words "Snap-on" printed on it, and had a red substance on it, later determined to be the male victim's blood. At trial, the medical

A-1720-22

examiner testified the same knife was likely used for both murders, and the size and shape of the knife found was consistent with the victims' stab wounds.

At trial, the owner of a Snap-On tools franchise confirmed he sold defendant a knife with a cracked sheath on September 29, 2011. He identified the knife and sheath recovered by police as the items he sold to defendant.

The State called Sergeant Patrick Snyder of the Atlantic County Prosecutor's Office at trial to testify regarding the attempts he made to find any video footage that would assist in investigating the murders. Specifically, the police looked for any footage of vehicles leaving the area. They recovered videos from three local businesses, but these did not show any evidence to assist the State's case. Sergeant Snyder also testified that eleven months after the murders, he was asked by the trial prosecutor to drive from the victims' house to the storage facility and it had taken him twenty-eight minutes and was almost twenty-three miles.

The jury convicted defendant of two counts of first-degree murder, N.J.S.A. 2C:11-3(a)(1)(2) (counts one and two); possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d) (count three); possession of a knife under circumstances not manifestly appropriate for lawful use, N.J.S.A. 2C:39-5(d) (count four); hindering apprehension, N.J.S.A. 2C:29-3(b)(1) (count five); and

A-1720-22

three counts of tampering with physical evidence (counts six, seven, and eight), N.J.S.A. 2C:28-6(1). The judge imposed two consecutive sentences of life imprisonment subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, on the murder counts, a consecutive five-year term on count five, and merged the convictions on the remaining counts.

In defendant's second petition for PCR, he argued he was entitled to relief due to several errors committed by both his trial and appellate attorneys, including trial counsel's failure to investigate issues related to DNA evidence, failure to investigate Atlantic City Expressway Toll Plaza footage, and in the "handling" of a State's witness, Detective Debra Specht.[1] Defendant also argued his first PCR counsel failed to provide discovery, investigate, or communicate with him.

In her fourteen-page written decision, Judge D'Arcy outlined the procedural and factual history before substantively addressing each of the eight issues raised. On November 18, 2022, the court denied defendant's second PCR petition in its entirety without an evidentiary hearing.

---

[1] Detective Specht of the Atlantic County Prosecutor's Office testified to her use of software to improve the quality of the audibility of the 9-1-1 recording.

On appeal, defendant raises the following issue in his counseled brief for our consideration:

POINT I

[DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO OBTAIN HIGHWAY RECORDS IN AN EFFORT TO DISPROVE A KEY ASPECT OF THE STATE'S CASE AND TO CORROBORATE HIS OWN EXCULPATORY STATEMENT TO RICHARD PATTERSON.[2]

Defendant's pro se supplemental brief presents the following additional arguments:

POINT I

THE SECOND PCR COURT ERRED IN DENYING [DEFENDANT'S] PCR PETITION WITHOUT CONDUCTING AN EVIDENTIARY HEARING BECAUSE HE PRESENTED A PRIMA FACIE CLAIM OF INEFFECTIVE ASSISTANCE OF TRIAL, FIRST, AND SECOND PCR COUNSELS.

A. Viewing of "YouTube" Video by Jurors.
B. DNA Evidence.
C. 911 Call Enhancement.

II.

---

[2] Patterson was defendant's employer and his former girlfriend's uncle.

A-1720-22

A PCR petition is "neither a substitute for direct appeal . . . nor an opportunity to relitigate cases already decided on the merits . . . ." State v. Preciose, 129 N.J. 451, 459 (1992) (internal citations omitted). When a petitioner claims ineffective assistance of counsel as a basis for relief, they must show counsel's performance was deficient, and but for those errors, they would not have been convicted. See Strickland v. Washington, 466 U.S. 668, 687, 694 (1984); State v. Fritz, 105 N.J. 42, 52 (1987). There is a strong presumption counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. To overcome this presumption, the defendant must demonstrate "counsel's actions did not equate to 'sound trial strategy.'" State v. Echols, 199 N.J. 344, 358 (2009) (quoting Strickland, 466 U.S. at 689); see also State v. Cooper, 410 N.J. Super. 43, 57 (App. Div. 2009) ("Decisions as to trial strategy or tactics are virtually unassailable on ineffective assistance of counsel grounds.").

When petitioning for PCR, the defendant must establish, "by a preponderance of the credible evidence[,]" that he is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013) (quoting Preciose, 129 N.J. 451, 459 (2013)). To sustain that burden, the defendant must allege and articulate

8

specific facts to "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

When a PCR court does not hold an evidentiary hearing, appellate review is de novo. State v. Harris, 181 N.J. 391, 421 (2004). A defendant is entitled to an evidentiary hearing if they present a prima facie case supporting PCR, the court determines there are material issues of fact that cannot be resolved based on the existing record, and the court finds an evidentiary hearing is required to resolve the claims presented. R. 3:22-10(b); see also State v. Porter, 216 N.J. 343, 354 (2013).

III.

Defendant argues his trial counsel should have obtained highway records to show the car defendant borrowed had been on the Atlantic City Expressway between 5:23 a.m., when the police received the initial 9-1-1 call, and 6:00 a.m., when the video showed someone enter his storage locker. Additionally, defendant asserts video from the Atlantic City Expressway may have showed the borrowed car around 12:30 a.m., five hours before the 9-1-1 call, which is when he claimed he left the victims' house and mistakenly left his phone behind. Further, defendant posits that trial counsel knew when discovery was received that Sergeant Snyder had traveled this route and was going to testify at trial that

9

it was twenty-three miles from the scene of the crime to the storage locker and that it took him twenty-eight minutes.

"[W]hen a [defendant] claims [their] trial attorney inadequately investigated [their] case, [they] must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon personal knowledge of the affiant or the person making the certification." Porter, 216 N.J. at 353 (first alteration in original) (quoting State v. Cummings, 321 N.J. Super 154, 170 (App. Div. 1999)).

Here, there were no certifications from trial counsel, an investigator who had tried to obtain the video footage, or defendant. Rather, the claims are unsubstantiated, bald assertions. They are not the required articulation of specific facts, but rather, mere speculation. Nothing in the record reflects how long highway records are preserved, or what the videos would or would not have shown had they been produced. Additionally, defendant has presented no proof of when trial counsel knew about Sergeant Snyder's intended testimony and whether it was disclosed in the initial discovery package. Further, the application did not include the verifications required by Rule 3:22-8 to accompany a PCR petition.

Additionally, the court correctly recognized that defendant failed to meet his burden to overcome the strong presumption that trial counsel had engaged in sound trial strategy, and to show a reasonable probability that presentation of the toll footage would have changed the result at trial. As Judge D'Arcy aptly put it, at best defendant's argument "pertains to a small piece of evidence dealing with a greater alibi that could be argued in a variety of ways." Defendant's argument disregards the trial record that the Prosecutor's Office looked for any video evidence that possibly showed defendant and the borrowed car. Defendant has offered no evidence to support his arguments, and the court was correct to deny his petition.

IV.

Defendant's pro se supplemental brief raises three issues: (1) like trial counsel, his first PCR counsel failed to investigate claims the jury was tainted by watching a YouTube video mentioning defendant's incarceration status; (2) his DNA was never compared to DNA evidence collected from a cigarette butt and dollar bill found at the crime scene, or to DNA evidence collected from the knife recovered at the crime scene; and (3) trial counsel did not challenge Detective Specht's testimony on the victim's 9-1-1 call as an improper lay opinion on a technical matter requiring expert testimony.

11

Rule 3:22-5 states, "A prior adjudication upon the merits of any ground for relief [including in any post-conviction proceeding or appeal therefrom] is conclusive whether made . . . in any post-conviction proceeding . . . or in any appeal taken from such proceedings." See also State v. Marshall, 173 N.J. 343, 351 (2002) ("If the claims [in a second PCR petition] are substantially the same, the petition is procedurally barred[.]"); State v. Odom, 113 N.J. Super. 186, 191 (App. Div. 1971) (citing Rule 3:22-5 and summarily disposing of two issues raised in defendant's second PCR petition by noting that their merits already had been ruled on in the denial of defendant's first PCR petition); Echols, 199 N.J. at 357 (citing Rule 3:22-5 and explaining that a PCR petition is procedurally barred if the issue was previously decided on the direct appeal or could have been, but was not, raised on that direct appeal).

Judge D'Arcy, therefore, correctly rejected all three grounds raised in defendant's pro se brief, as they were raised in defendant's first PCR petition and rejected by the first PCR judge as a basis for an ineffective assistance of counsel claim. Our opinion affirming the denial of defendant's first PCR petition confirms this fact. In the face of defendant's choice merely to engage in repetitious litigation, the prior substantive finding has conclusive effect over his second PCR claims.

12

Beyond the preclusive effect of the prior adjudication as a matter of law, defendant's petition still suffered the same procedural defects noted above, namely the lack of certifications or affidavits supporting his claim. Defendant's bald assertions are wholly speculative and insufficient to merit any relief. Cummings, 321 N.J. Super. at 170 (a defendant cannot rely on "bald assertions that [they were] denied the effective assistance of counsel" but must present legally competent evidence).

V.

The court also correctly determined that an evidentiary hearing was not required. As we noted, a hearing on a PCR petition is required only when a defendant presents a prima facie case for relief, the existing record is not sufficient to resolve the claims, and the court decides that a hearing is required to resolve the claims. Porter, 216 N.J. at 354.

Defendant failed to present a prima facie case for relief. Moreover, the existing record was sufficient to resolve defendant's claims. The remainder of defendant's arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13

A-1720-22