**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1283-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOHN DEROSA, a/k/a JOHNNY
BO DEROSA, JOHNNIE B.
DEROSA, JOHN N. DEROSA,
JOHNNY DEROSA, SELVIO
URIBE, JOHNNYBOY, JOHNIE
DEROSA, and NICHOLAS
DEROSAJOHN,

    Defendant-Appellant.

_____

Submitted April 23, 2026 – Decided June 5, 2026

Before Judges Mawla and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 10-06-1170.

John DeRosa, self-represented appellant.

Wayne Mello, Hudson County Prosecutor, attorney for respondent (Penelope Mary Way, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant John DeRosa appeals from an October 18, 2024 order denying his second petition for post-conviction relief (PCR) without an evidentiary hearing.  For the reasons that follow, we reverse and remand.

                                    I.

After a jury trial, defendant was convicted of felony murder, armed robbery, unlawful possession of a weapon, and possession of a weapon for an unlawful purpose.  The charges arose from a jewelry store robbery and shooting death of the owners' son.  We affirmed defendant's convictions and aggregate life sentence on direct appeal in State v. DeRosa, No. A-3169-16 (App. Div. July 3, 2019), certif. denied, 240 N.J. 251 (2019).

Defendant filed a timely petition for PCR, in which he alleged "trial counsel was ineffective for failing to file an emergent interlocutory appeal after the trial court denied defendant's request for a private investigator," and for failing "to retain a ballistics/firearm expert."  State v. DeRosa, No. A-1829-21 (App. Div. July 11, 2023) (slip op. at 5).  The petition was denied in a December 16, 2021 order and written opinion, which we affirmed.  Id. at 2, 11.

A-1283-24

On April 17, 2024,[1] defendant filed a second petition for PCR based on ineffective assistance of PCR counsel, claiming PCR counsel failed to: investigate, retain, and consult a ballistics expert, independent pathologist, and forensic video expert; and present cell phone records as impeachment evidence for the State's witnesses. He also alleged PCR appellate counsel failed to submit his self-represented PCR appellate brief. Finally, defendant contended "[t]he trial court failed to comply with the strictures of . . . Rule 3:9-1(f) and Rule 3:9-3(g), which violated [his] right to due process."

In an order dated July 10, 2024, but not filed until October 18, 2024, the PCR judge denied the petition with the following two-sentence explanation: "Petitioner's PCR is BARRED. This [c]ourt has found that [p]etitioner has not shown good cause nor has [p]etitioner presented new and articulable facts to show PCR counsel or PCR appellate counsel were deficient."

Defendant raises the following points on appeal:

POINT I

THE PCR COURT ERRED BY NOT GRANTING DEFENDANT A HEARING ON HIS SECOND PCR BASED UPON HAVING MADE A PRIMA FACIE

---

[1] Defendant avers he filed a timely second petition for PCR, which was "barred on February 22, 2022[,] due to a clerical error," and therefore the court entered an order permitting him to file a second petition as within time. The order is not contained in the record, and the State contests the timeliness of the petition.

SHOWING OF THE TRIAL COURT'S ERROR IN FAILING TO MEET THE REQUIREMENTS UNDER . . . RULE 3:9-1(f).

POINT II

THE PCR COURT ERRED IN NOT GRANTING DEFENDANT A HEARING ON THE ISSUE RAISED OF THE TRIAL COURT'S FAILURE TO CONDUCT A PLEA CUT-OFF HEARING MANDATED BY THE STRICTURES OF . . . RULE 3:9-1(f), WHICH VIOLATED HIS RIGHT TO DUE PROCESS OF LAW, UNDER THE U[NITED] S[TATES] CONSTITUTION AMENDMENT XIV, AND THE NEW JERSEY CONSTITUTION ARTICLE [I], AMENDMENT 1.

POINT III

[THE] PCR COURT ERRED WHEN IT FAILED TO MAKE FINDINGS OF FACT AND CONCLUSIONS OF LAW, REGARDING THE ISSUES RAISED BY DEFENDANT, PURSUANT TO . . . RULE 3:22-11, THUS VIOLATING HIS RIGHT TO DUE PROCESS UNDER [THE] UNITED STATES CONSTITUTION AMENDMENT XIV; AND [THE] NEW JERSEY CONSTITUTION ARTICLE [I], PARAGRAPH 1.

II.

To succeed on a claim of ineffective assistance of counsel, a defendant must establish by a preponderance of the evidence both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). State v. Gaitan, 209

4

N.J. 339, 349-50 (2012).  First, a "defendant must show that counsel's performance was deficient."  Strickland, 466 U.S. at 687.  A defendant must demonstrate "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Ibid.  Because the Constitution requires "reasonably effective assistance," an attorney's performance may not be attacked unless it was not "'within the range of competence demanded of attorneys in criminal cases'" and instead "fell below an objective standard of reasonableness."  Id. at 687-88 (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)).

When assessing the first Strickland prong, "[j]udicial scrutiny of counsel's performance must be highly deferential," and "every effort [must] be made to eliminate the distorting effects of hindsight."  Id. at 689.  A reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "the defendant must overcome the presumption that, under the circumstances, the challenged action [by counsel] 'might be considered sound trial strategy.'"  Ibid. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

Under the second Strickland prong, a defendant must "affirmatively prove" with "a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different." State v. Gideon, 244 N.J. 538, 551 (2021) (quoting Strickland, 466 U.S. at 693-94). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Ibid. (quoting Strickland, 466 U.S. at 694).

Pursuant to Rule 3:22-4(b), a second or subsequent petition for PCR is barred unless:

> (1)    it is timely under R[ule] 3:22-12(a)(2); and
>
> (2)    it alleges on its face either:
>
> (A)    that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or
>
> (B)    that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or
>
> (C)    that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for [PCR].

Rule 3:22-12(a)(2) provides:

> [N]o second or subsequent petition shall be filed more than one year after the latest of:
>
>     (A)   the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or
>
>     (B)   the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or
>
>     (C)   the date of the denial of the first or subsequent application for [PCR] where ineffective assistance of counsel that represented the defendant on the first or subsequent application for [PCR] is being alleged.

The strict time bars imposed in these rules may not be ignored or relaxed. State v. Jackson, 454 N.J. Super. 284, 292-94 (App. Div. 2018).

"In making final determination upon a petition, the court shall state separately its findings of fact and conclusions of law . . . ." R. 3:22-11; see also R. 1:7-4(a) ("The court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . ."). PCR petitions "cannot be disposed of out of hand." State v. Odom, 113 N.J. Super. 186, 189 (App. Div. 1971).

The order dismissing the petition lacks findings of fact and conclusions of law. It is unclear whether the petition was dismissed as untimely, as the State contends, or whether the court accepted it as within time pursuant to a previous order but determined it failed to meet the prongs of Strickland. In addition, the order only references defendant's claims of ineffective assistance of PCR and PCR appellate counsel but does not address his contention the trial court failed to conduct a plea cutoff hearing pursuant to Rule 3:9-1(f). For these reasons, we are constrained to reverse. However, our opinion should not be construed as an indication of how the PCR judge should adjudicate either the timeliness or the merits of defendant's petition.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

8                                                                A-1283-24