**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3713-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JEREMIAH A. JACKSON,

    Defendant-Appellant.

_____

> Argued March 26, 2025 – Decided August 4, 2025
>
> Before Judges Rose and DeAlmeida.
>
> On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 12-08-1955.
>
> Kathryn Ann Marron, Deputy Public Defender, argued the cause for appellant (Jennifer N. Sellitti, Public Defender, attorney; Kathryn Ann Marron, on the brief).
>
> Matthew T. Mills, Assistant Prosecutor, argued the cause for respondent (William E. Reynolds, Atlantic County Prosecutor, attorney; Matthew T. Mills, of counsel and on the brief).

PER CURIAM

Defendant Jeremiah A. Jackson appeals from a June 29, 2023 order dismissing his second petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm because the petition was untimely and otherwise unsupported.

I.

The facts underlying defendant's convictions are detailed in our prior unpublished opinion affirming defendant's September 2013 convictions for conspiracy, murder, felony murder, burglary, and possession of a shotgun and handgun for an unlawful purpose, for his part in the December 9, 2011 shooting death of "a reputed drug dealer['s]" father in the victim's home. State v. Jackson, No. A-1425-13 (App. Div. Dec. 1, 2015) (Jackson I) (slip op. at 2-3). In the same opinion, we also affirmed defendant's aggregate fifty-year prison term with an eighty-five-percent parole disqualifier pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2, on the applicable convictions. Id. at 24. The Supreme Court denied certification. State v. Jackson, 223 N.J. 282 (2015).

The chronology that followed is pertinent to this appeal. In April 2016, defendant filed a timely pro se PCR petition challenging trial counsel's effectiveness. Through assigned counsel, defendant filed revised certifications supporting his petition. See State v. Jackson, No. A-0708-18 (Mar. 11, 2020)

(Jackson II) (slip op. at 8).  Among other deficiencies, defendant alleged trial counsel "failed to challenge the State's DNA evidence."  Ibid.  The PCR judge, who was not the trial judge, denied relief in an oral decision memorialized by an August 1, 2018 order.  Id. at 9.

While his ensuing appeal before this court was pending, on December 3, 2019, defendant filed a pro se second PCR petition asserting ineffective assistance of PCR counsel and appellate counsel.  In his handwritten second petition, defendant generally claimed both attorneys

> failed to find any issues of th[eir] own.  And issues [he] wanted to review, w[hi]ch [we]re sentencing, confidential informant, third party[-]guilt, lesser included offenses, questionable chain of custody, [B]rady[1] material from the [S]tate, [C]onfrontation [C]lause, signed certifications that w[ere] not done.  Statement of a Joey Killian [and] John Jackson.

On January 17, 2020, the same PCR judge inexplicably issued an order assigning counsel on "defendant's first Petition for [PCR]."  (Emphasis added).  In the order, the judge directed the Office of the Public Defender's (OPD) PCR Unit to assign counsel "within 90 days after receipt of th[e] order."  A case management conference was scheduled for May 21, 2020.

---

1  Brady v. Maryland, 373 U.S. 83 (1963).

3

By notice dated June 17, 2020, assigned counsel (second PCR counsel) entered her appearance on behalf of defendant. Second PCR counsel did not, however, file an amended petition within ninety days of her assignment or otherwise provide notice that an amended petition would not be filed. See R. 3:22-9. Nor did second PCR counsel file a brief supplementing defendant's pro se claims.

On March 11, 2020, we affirmed the August 1, 2018 order denying defendant's first PCR petition. Jackson II, slip op. at 19. Relevant to defendant's DNA claim, we concluded defendant failed to "provide the PCR court with an affidavit or certification from a qualified DNA expert, setting forth an opinion with the basis upon which the State's DNA evidence could have been challenged." Id. at 13.

On January 7, 2021, the same PCR judge dismissed defendant's second PCR petition without prejudice pending the Supreme Court's disposition of defendant's petition for certification, although the petition was not yet filed. In the order, the PCR judge "preserved" the December 3, 2019 filing date. The judge did not cite any authority supporting its order.[2]

---

[2] By comparison, Rule 3:22-6A(2) mandates dismissal of a PCR petition, upon the OPD's notification that "a direct appeal, including a petition for certification,

On March 25, 2021, defendant filed his petition for certification. The Court denied certification on July 9, 2021. State v. Jackson, 247 N.J. 240 (2021).

We glean from the record, on August 23, 2021, second PCR counsel refiled defendant's second PCR petition. Shortly thereafter, "the court" "re-uploaded" the petition. Second PCR counsel did not file an amended petition elaborating upon defendant's pro se claims.

On March 15, 2022, another judge (second PCR judge) issued a briefing schedule on defendant's petition. The order reflects a hearing was scheduled for June 7, 2022. Instead of filing a brief in support of defendant's second petition, second PCR counsel moved for post-conviction discovery.

Following oral argument, on June 22, 2022, the second PCR judge granted defendant's motion to produce DNA materials by July 27, 2022. After oral argument, on December 6, 2022, the judge issued separate orders: granting defendant's motion for an in camera review of an investigating officer's personnel records; and denying defendant's motion to compel documents regarding the cooperation of two State's witnesses. Defendant does not appeal

is pending." In addition, the defendant must then "refile[] the petition within 90 days of the date of the judgment on direct appeal" or "petition for certification," ibid., and the petition is then "treated as a first petition," R. 3:22-12(a)(3).

from the adverse order and, as such, it is deemed abandoned on appeal. See State v. Huang, 461 N.J. Super. 119, 125 (App. Div. 2018).

We glean from the record, at defendant's request, the PCR hearing was rescheduled three times between January 12, and May 11, 2023. In response to defendant's fourth application for a postponement, the State asked the second PCR judge to determine the timeliness of his second petition. Second PCR counsel countered the State's request was "unripe because defendant ha[d] not yet filed his Amended Verified Petition, accompanying legal-brief, or supporting exhibits." Emphasizing the investigation was ongoing, second PCR counsel stated she was "continuing to seek missing discovery from the State." The parties thereafter submitted briefs on the timeliness issue.

In a written decision accompanying the June 29, 2023 order, the second PCR judge granted the State's application to dismiss defendant's second PCR petition as untimely. The second PCR judge first found his predecessor accepted the petition for filing and found "'good cause' for the assignment of counsel," but those determinations "d[id] not cure the untimely filing." The judge found defendant's petition failed to satisfy the criteria for timely second or subsequent petitions under Rule 3:22-12(a)(2). In particular, the petition: did not allege "a newly recognized constitutional right" made retroactive by the Supreme Courts

6

of the United States or this state, R. 3:22-12(a)(2)(A); did not allege a "newly discovered factual predicate," R. 3:22-12(a)(2)(B); or was not filed within a year of the denial of his first PCR petition, R. 3:22-12(a)(2)(C).  As the judge later noted, subparagraph (a)(2)(C) requires, as defendant generally asserted, ineffective assistance of PCR counsel.  The judge thus found the second petition was untimely filed on December 3, 2019, and the time constraints were not relaxable under Rule 3:22-12(b).

Citing defendant's request for "an indefinite amount of time, for some expansive post-trial investigation, to file some undetermined amended petition," the judge reasoned "[t]he matter [w]as 'ripe' for disposition on procedural grounds as raised by the State."  The judge was not persuaded by defendant's assertion that he was "bound to hear [the untimely second PCR petition] to its conclusion" because the first PCR judge "accepted" the petition.  Finally, the judge found "most if not all the claims" asserted in defendant's second PCR petition were previously raised and thus barred under Rule 3:22-5, or unsupported.

On appeal, defendant raises the following points for our consideration:

THE PCR JUDGE ERRED IN SUMMARILY
DISMISSING WITH PREJUDICE [DEFENDANT]'S
SECOND [PCR] PETITION.

A. [Defendant]'s PCR [Petition] should be remanded
for further proceedings because the dismissal of the
PCR [Petition] prior to submissions and oral argument
is premature.

B. [Defendant]'s PCR [Petition] raises grounds that are
not subject to the one-year time bar in R[ule] 3:22-
12(a)(2)(C).

C. The Court should find exceptional circumstances
exist to relax the second PCR time bar in the interests
of justice.

POINT TWO

NEW JERSEY COURT RULE 3:22-12(a)(2)(C)
SHOULD BE INTERPRETED TO START THE ONE
YEAR FILING REQUIREMENT FROM THE DATE
O[N] WHICH THE JUDGMENT BECOMES FINAL
BY THE CONCLUSION OF DIRECT REVIEW OR
THE EXPIRATION OF THE TIME SEEKING SUCH
REVIEW, AKIN TO FEDERAL HABEAS LAW 28
U.S. CODE 224, WHICH WOULD THUS RENDER
[DEFENDANT]'S SECOND PCR [PETITION]
TIMELY.[3]

---

[3] In his merits brief, defendant incorrectly notes the second PCR judge issued
the June 29, 2023 order without an accompanying statement of reasons. During
oral argument before us, appellate counsel acknowledged the error and declined
our request to submit a supplemental letter addressing the judge's decision.

We reject defendant's contentions and affirm.

## II.

As a preliminary matter, because the State did not move or cross-move from the January 17, 2020 order appointing counsel, we decline to consider its argument that the first PCR judge erroneously determined good cause existed for the appointment of counsel on defendant's second PCR petition. See State v. McIlhenny, 333 N.J. Super. 85, 87 (App. Div. 2000); see also State v. Elkwisni, 190 N.J. 169, 175 (2007).[4]

_____

Nonetheless, in defendant's brief and during oral argument before us, appellate counsel thoroughly addressed the issues raised.

[4] We observe, however, the first PCR judge did not issue the Judiciary's form of order for second or subsequent PCR petitions. Super. Ct. of N.J., CN 10287, Post-Conviction Relief Order Assigning Counsel and Designating Judge (second or subsequent petition) (March 31, 2011). That form of order specifically acknowledges the PCR court's "finding [of] good cause for assignment of counsel as required by R[ule] 3:22-6(b)," followed by a space for the court to explicitly state its findings. Contrary to the second PCR judge's finding, the first PCR judge made no such determination.

Moreover, under Rule 3:22-6(b), "good cause" for the filing of a second or subsequent petition "exists only when the court finds that a substantial issue of fact or law requires assignment of counsel and when . . . [the] petition alleges on its face a basis to preclude dismissal under R[ule] 3:22-4." One such basis is a timely filed petition under Rule 3:22-12(a)(2). R. 3:22-4(b)(1). As discussed below, the second PCR judge correctly determined defendant's second petition was untimely.

A-3713-22

Our analysis of the issues raised on appeal is guided by a review of the relevant provisions of the two court rules that explicitly apply to a second or subsequent PCR petition. Rule 3:22-4(b) places strict limitations on second and subsequent petitions for PCR. The Rule compels dismissal of a subsequent PCR petition unless the defendant can satisfy the time requirement under Rule 3:22-12(a)(2), and alleges the following grounds for relief:

> (A) that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or
>
> (B) that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or
>
> (C) that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief.
>
> [R. 3:22-4(b)(2).]

In turn, Rule 3:22-12(a)(2) imposes a time limitation for subsequent PCR petitions. Under the Rule, a second or subsequent petition for PCR must be filed within one year after the latest of:

10

(A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or

(B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or

(C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged.

[R. 3:22-12(a)(2).]

A 2009 amendment to the Rule makes clear beyond question that the one-year limitation for second or subsequent petitions is non-relaxable. See R. 3:22-12(b); State v. Jackson, 454 N.J. Super. 284, 293 (App. Div. 2018); see also R. 1:3-4(c) (prohibiting the court and the parties from enlarging the time to file a petition for PCR under Rule 3:22-12). Moreover, in State v. Brown, we held:

[W]hen a first PCR petition shows it was filed more than five years after the date of entry of the judgment of conviction, . . . a PCR judge has an independent, non-delegable duty to question the timeliness of the petition, and to require that defendant submit competent evidence to satisfy the standards for relaxing the rule's time restrictions pursuant to Rule 3:22-12. Absent sufficient competent evidence to satisfy this standard,

11

the court does not have the authority to review the merits of the claim.

[455 N.J. Super. 460, 470 (App. Div. 2018).]

We discern no reason why a similar duty would not apply to the PCR court's consideration of a second or subsequent PCR petition, especially because – unlike the "excusable neglect" and "fundamental fairness" exceptions for untimely first petitions – the time bar is non-relaxable. Indeed, application of these rules makes plain defendant's second PCR petition was procedurally barred because his petition was filed four months beyond the one-year time requirement embodied in Rule 3:22-12(a)(2).

Nor are we persuaded by the arguments raised in defendant's second point. Citing the federal habeas corpus rule, 28 U.S.C. § 2244(d)(1)(A), defendant argues we should interpret the one-year time limit under Rule 3:22-12(a)(2)(C) commences after appellate review of the order denying a first petition. Defendant's argument is misplaced. Our courts have uniformly held appellate review does not toll the five-year time bar in Rule 3:22-12(a)(1). See State v. Dillard, 208 N.J. Super. 722, 727 (App. Div. 1986). Nor is the time bar extended when appellate proceedings result in a remand. See State v. Dugan, 289 N.J. Super. 15, 20-21 (App. Div. 1996).

A-3713-22

We discern no basis to apply a tolling provision to the one-year time bar in <u>Rule</u> 3:22-12(a)(2)(C). Defendant's argument is better addressed to the Supreme Court's Committee on Criminal Practice. We note only, unlike <u>Rule</u> 3:22-12(a)(1)'s five-year limitation period, 28 U.S.C. § 2244 provides a one-year filing period for a first PCR. We conclude the second motion judge properly dismissed defendant's second PCR petition as untimely.

Because the second PCR judge recognized the procedural bar and nonetheless considered the merits of defendant's petition, we have likewise done so and conclude his claims lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2). We affirm substantially for the reasons stated in the judge's cogent written decision.

In summary, similar to the second PCR judge, we agree defendant's ineffective assistance of counsel claims against PCR counsel were wholly unsupported, notwithstanding the lengthy pendency of his petition following the assignment of second PCR counsel. Although the second PCR judge adjourned the hearing several times, affording second PCR counsel time to obtain discovery on defendant's bald assertions, the second petition neither was amended nor supplemented with a brief expounding upon his claims.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

13

A-3713-22